## • Church Road.

The Quarter Sessions has no authority to grant a review to widen, straighten and fix the limits of a road already laid out and used for many years.   Its power is only to lay out, to vacate and alter or change an established route.

° The petition for a review of a road must state specifically the object: and that must appear to be clearly within the purview of the Act giving the court jurisdiction, otherwise the proceedings are irregular.

THIS was a *certiorari* to the Court of Quarter Sessions of *Montgomery* county, to bring up the proceedings in the case of a road in Whitemarsh and Springfield townships in that county, called the Church road.

A petition was presented in 1841 to that court signed by the supervisors of Springfield township, setting forth that in September 1734, by order of the Court of Quarter Sessions of Philadelphia county, a public road was laid out from the church in Whitemarsh township (then in Philadelphia county) to the church in Oxford, beginning, &c., as appeared by the record of the proceedings of that court, which road was opened and had been used as a public road to the present time.   That John Hocker had indicted them for not removing a fence along the lands of Charles Gilbert, alleged to be within the limits of the road; and Hocker's fence was alleged to be also within those limits.   That the petitioners procured a surveyor, who was not able after attempting it, to trace the lines of the road: they were therefore unable to ascertain which of the fences were within the road.   That in other places the road had been encroached on by landholders along it, and the road in many places was not on the recorded route, and disputes existed as to its locality, &c.   They therefore prayed the court to appoint proper persons to review and straighten and widen the road from the beginning, through the townships of Whitemarsh and Springfield, and lay out the same according to law.   Another petition containing the same prayer was filed, signed by divers inhabitants of the above townships.   The court thereupon appointed six persons, who made a report which was confirmed *nisi* 15th November 1841.

On the petition of Jacob Wentz and others on the 17th November following, six re-reviewers were appointed, who made a different report, returning a road for public use by courses and distances, &c., which was confirmed *nisi* February 22d 1842.

On the 24th February 1842, on the petition of Henry Scheetz and others, six others were appointed to re-re-review, who reported on the 17th May 1842 that they had viewed, straightened

[Church Road.]

and laid out for public use a road by courses and distances, &c., which report was also confirmed *nisi*.

Various exceptions were taken in the court below by Jacob Wentz to this last report, and depositions were taken and the exceptions were overruled.

The complainants filed various errors in this court, but the only one material to notice was that the Court of Quarter Sessions had no jurisdiction to appoint views and reviews of a road previously laid out and opened, in order to ascertain and determine the lines of the road or lines of the land through which the same runs, or determine any matter concerning encroachments on the road, and the proceedings were therefore irregular and void *ab initio.*

*Sterigere* and *J. Sergeant,* for the exceptants.
*Mulvany* and *Freedley,* contra.

PER CURIAM.—As the Court of Quarter Sessions has no powers but what it gets from the statute, the object ought to be specifically stated in the petition which is the basis of the subsequent proceedings, and it should appear to be clearly within the purview. Its powers in regard to public roads, are to lay out, to vacate, and to alter or change an established route by laying out and vacating in whole or in part. As the question of width is determinable by the court, there seems to be no authority for a view merely to widen. That object appears to be unattainable by any other process than vacating and laying out anew; and perhaps the subject requires legislation. But certainly no authority is given for a view to ascertain boundaries and throw the road back on its original bed. The prayer, in this case, for a review to " widen, straighten, and fix the limits" of a road which had been laid out and used for more than a century, was one which the court had no warrant to grant; and the basis being unsolid, the superstructure cannot stand.

Proceedings quashed.