## In re Frankstown Township Road.

*Ashton Gardner*, for exceptants; *Frank H. Fay*, contra.

PATTERSON, P. J., November 24, 1930.—Twelve exceptions have been filed to the report of viewers. All except the seventh complain of errors and irregularities in the petition, the report of the viewers and the appointment of viewers, which might be corrected by referring the report to the viewers for a re-view and affording the petitioners an opportunity of amending the proceedings to meet the requirements of the acts of assembly. This cannot be done in the present case for the reason that the seventh exception sets forth an objection to the petition which is fatally defective to the entire proceeding, the seventh exception being as follows: "Neither the petition nor the report of the viewers sets forth how the road to be vacated became a public road."

In re report of viewers to vacate road in Frankstown Township, Blair County, Pennsylvania, to No. 1, October Sessions, 1927, this court, in considering the same question raised by this exception, held: "The proceeding is defective for the reason that neither the petition nor the report sets forth how the road became a public road, which is necessary under the law in order to give the court jurisdiction. It is not sufficient to merely aver, as in the petition in this case, that it is a certain portion of the public road in the said township laid out many years ago and maintained and kept in repair by the township authorities. The petition must go further and show how it became a public road." There is no averment in the present petition of the existence of an established public road intended to be vacated. The part of the petition referring to the road to be vacated reads as follows: "That by reason of the continued action of floods and waters of the Juniata River, the public road from a point," etc.

In Road in Drumore Township, 15 Dist. R. 625, it is held:

"Having, then, only authority to vacate a road (1) where it has been laid out by authority of law, (2) where it exists by prescription or lapse of time, and (3) all roads, except private roads, where their existence rest upon express grant, the evidence of which is still in existence, the court must be satisfied that the road which these proceedings propose to vacate comes within one of these three classes before it will order its vacation. The burden of showing this on the petitioners. They are invoking the aid of the court, and they must satisfy it that what they ask is within its powers. The petition is the basis of the proceeding and it must contain a statement of everything necessary to give the court jurisdiction to do what is asked of it. In re Church Road, 5 W. & S. 200, the Supreme Court says: 'As the Court of Quarter Sessions has no powers but what it gets from the statute, the object ought to be specifically stated in the petition, which is the basis of the subsequent proceedings, and it should appear to be clearly within the purview.' "

Other cases supporting this conclusion are: Road in York Township, 11 Dist. R. 706, Pine Hill Road, 6 D. & C. 441, and Road in Salem Township, 23 Dist. R. 140.

The seventh exception is, therefore, sustained. The report of viewers set aside, the order appointing viewers is vacated and the petition which is the basis of the entire proceedings is hereby dismissed.

From Robert W. Smith, Hollidaysburg, Pa.