# In re Road in Palmer Township.

1. In the laying out of a public road, viewers should avoid a location crossing a railroad track at grade, if it can reasonably be avoided. If they adopt such a crossing at grade, and the Court of Quarter Sessions, on exceptions to the report, find that the grade crossing could not be reasonably avoided and confirm the viewers' report, the Supreme Court cannot, on certiorari, go into the merits of the case, and where the record shows no error, or abuse of discretion, the order will be affirmed.

2. In a report of viewers, when no mention is made of any improvements situated on the route of the road, or whether the land was improved or not, the Supreme Court will not reverse because the court below overruled an exception to such omission in the report.

March 11th, 1885.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ.   GREEN, J., absent.

CERTIORARI to the Court of Quarter Sessions of *Northampton county:*  Of July Term 1884, No. 98.

Petition of inhabitants of Palmer township for the appointment of viewers to view and lay out a road.

Viewers were appointed, who filed the following report:

We, the undersigned persons appointed by the within order of court, to view and lay out the road therein mentioned, respectfully report:  That having been present at the view of the ground proposed for such road, and having all been severally sworn according to law, five days' written notice of said

road view being given to the owners or occupiers of land along the route of the proposed road, and also five days' notice was given of said view to the supervisors of said township of Palmer, affidavits of service in said parties, and acceptance of service being hereto attached. In pursuance of said order we have viewed and laid out, and do return for public use the following road, to wit: [Here followed a description of the route of the road].

A plot or draft whereof is hereunto annexed, which said road so as aforesaid laid out, we are of opinion is necessary for a public road.

That we have endeavored to procure from the persons over whose lands such location may be made, releases from claim of damage, and have obtained such releases from Mary E. Firmstone, Frank Firmstone, Harry E. Firmstone and Glendon Iron Company and Valentine Mutchler, herewith returned, and to such persons as have refused to release we hereby assess the following damages:

To the Central Railroad Company of New Jersey the sum of fifty dollars, and to the Lehigh Coal and Navigation Company, no damages; to William Wendel the sum of ten dollars, as damages.

Witness our hands this 10th day of June, A. D. 1882.

The following exceptions to the report of viewers were filed by the Central Railroad Company of New Jersey:

1. The road is laid out partly over the bed of a public street or highway which is much greater in width than roads are opened by order of said court.

2. The viewers have laid out the road across the railroad tracks of the Central Railroad of New Jersey at grade, when it was entirely practicable to have laid out the same, either over or under the said tracks, and thereby the lives, limbs and property of persons traveling on the said road and on the said railroad will be greatly endangered, and the said company be subjected to great and unnecessary loss.

3. The said viewers did not, as the law requires, make application either to the constituted authorities of the Central Railroad of New Jersey or of the Lehigh Coal and Navigation Company for releases of damages.

4. The court did not at the time of the confirmation of the report, or at any time since, fix the breadth of said road or direct of what breadth the said road shall be opened.

5. The viewers in their report have not noted the improvements, or stated whether the lands through which the road passes are improved or unimproved.

An additional exception was set forth in the paper book, as follows:

6. The amended order of court fixes the width of the road at thirty-three feet which is in violation of law requiring the road to be of uniform width, as the road is partly laid out over a road fifty feet in width.

These exceptions were overruled. Reviewers and re-reviewers were afterwards appointed and reports filed by them respectively.

Subsequently the court, SCHUYLER, J., entered an order setting aside the report of reviewers and that of re-reviewers, and confirmed the report of viewers. Thereupon this certiorari was taken, the errors assigned being the order of court overruling the exceptions to the viewers' report and the confirmation thereof.

*Edward J. Fox* and *Edward J. Fox, Jr.*, for the railroad company, plaintiff in error.

*A. B. Howell* (with him *Robert I. Jones*), for the petitioners, defendants in error.

The opinion of the court was filed March 23d, 1885.

PER CURIAM.—It is well settled law that we cannot review such cases as this upon their merits. The decision of the court below is final and conclusive as regards the merits involved. The statute does not give either appeal or a writ of error to bring the case before us. We can review the action of the court on certiorari only. On this writ we are restricted to an examination of the regularity of the proceedings. Questions of fact arising or passed upon by the court we will not review. All reasonable conclusions of facts will be presumed to have been correctly found by the court. When no mention is made of any improvements by the viewers, we will not presume that any existed. Much must rest in the sound discretion of the court. While crossing of a railroad track at grade, should be avoided whenever it can reasonably be done, yet in this case, with all the facts before it, the court found it could not be so avoided. We cannot say that it erred therein. There is nothing in the whole case to justify us in reviewing this exercise of discretion.

Judgment affirmed.