## Glenfield Borough Road. Appeal of Phillip Keller et Ux.

*Road law—Vacation of road—Jurisdiction, Superior Court.*

In appeal from proceedings vacating a road, the appellate court can consider only the regularity of the proceedings.

*Road law—Vacation of road—Jurisdiction, Q. S.*

The quarter sessions under the 18th section of the Act of June 13, 1836, P. L. 558, have jurisdiction of an application to vacate a private road and the only question which can be considered by the appellate court is, whether or not the petition for the vacation of the road conforms to the requirements of section 23 of said act.

*Road law—Vacation of road—Adequacy of petition.*

A petition for the vacation of an entire private road is sufficient which sets out that the road is useless, inconvenient and burdensome.

Argued April 13, 1897. Appeal, No. 67, April T., 1897, by Phillip Keller et Ux., from decree of Q. S. Allegheny Co., June Sess., 1893, No. 5, closing and vacating road. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Exceptions to report of viewers sur petition for the vacation of a road.

It appeared from the record that a petition was presented,

alleging that the petitioners, having examined the matter, say that the said private road in question is useless, inconvenient, burdensome and should be vacated. The prayer was for the appointment of viewers who were appointed. The report of the viewers was approved and exceptions dismissed and the road directed to be vacated.

*Errors assigned* were dismissal of exceptions.

*James Fitzsimmons*, for appellant.

*A. Blakeley*, for appellee.

OPINION BY BEAVER, J., July 23, 1897 :

The per curiam opinion in Benzenhoefer's Appeal, 154 Pa. 547, would practically meet the requirements of this case. We can consider only the regularity of the proceedings. With the facts of the case we have nothing to do, much less can we consider the testimony taken under proceedings to lay out the road finally disposed of in Benzenhoefer's Appeal, supra. The eighteenth section of the Act of June 13, 1836, P. L. 558, undoubtedly gave the court below jurisdiction of the application to vacate the private road previously laid out and opened under and in pursuance of its decree. The exceptional cases referred to in the proviso contained in section 22 do not cover this case. This is not a cartway nor is it a roadway or passage claimed by any person as a private right. The only question therefore in the case is whether or not the petition for the vacation of the road conforms to the requirements of section 23 of the act of 1836, supra, which is as follows : " Every application to vacate any road as aforesaid shall be in writing signed by the applicants. It shall set forth in a clear and distinct manner the situation and other circumstances of such road or highway or of the part thereof which the applicants may desire to have vacated as aforesaid." This was an application for the vacation of the entire road. It was not necessary, therefore, to specify the portions to be vacated nor the particular reasons why the vacation of such portions was desired. The grounds upon which the petition was based were in the usual form, that the road was useless, inconvenient and burthensome. This sets forth the general

condition of the road with sufficient clearness and the viewers having found this as a fact and that fact having been approved and their report confirmed by the court, we cannot consider the question of its correctness. The proceedings upon their face are regular, the requirements of the law have been fully met and the decree of the court below is therefore affirmed.