# Road in Manheim Township.

*Road law—Merits of case not reviewed—Jurisdiction, Superior Court—Rules of court.*

An appeal in the nature of a certiorari does not bring up anything but the record of which the evidence is no part; hence it follows that on appeal taken from any order or proceeding in relation to a public road the appellate court will not suffer the merits of the case to be entered into nor will it reverse the order of the court of quarter sessions, unless for some error or irregularity apparent on the record, or because the court below exceeded its jurisdiction or erred in their judgment in point of law. This principle is laid down in Rule 13 of the Superior Court which not only is a substantial transcript of the rule of the Supreme Court upon the subject, but is a declaration of the law as established by an unbroken line of decisions.

*Practice, Q. S.—Road law—Vacation of road—Designation of township.*

There being no uncertainty in the report of viewers as to the location of a road to be vacated or of the road to be laid out in its place and the identical location described in the petition and orders being followed, when these name the township, the omission to designate it by name in the report is not such an irregularity as would justify reversal.

*Road law—Change of road involves vacation of old road.*

A proceeding to change part of a road from one location to another, necessarily involves a vacation of the old road to the extent required by the change.

*Road law—Allegations of inconvenience.*

The omission to state in the petition why the part of the road alleged to be inconvenient is so, is not fatal on appeal.

Argued Nov. 15, 1899.   Appeal, No. 169, Oct. T., 1899, by exceptants, from order of Q. S. Lancaster Co., Aug. Sess., 1897, Minutes No. 423, dismissing exceptions to report of re-reviewers, and confirming said report.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed.   Opinion by RICE, P. J.

Exceptions to report of re-reviewers.   Before LIVINGSTON, P. J.

It appears from the record that a petition was filed for the appointment of viewers to view and change a road in Manheim township, Lancaster county, alleging that it had become inconve-

nient in its present location and would better accommodate the traveling public by changing it by having it begin to diverge from its present location 150 feet east of its present terminus in the Lancaster and Lititz turnpike and ending eleven feet south of said terminus in said turnpike.

The viewers awarded the change as prayed for, to which exceptions were filed by parties opposed to the change, and after argument, the exceptions were dismissed; reviewers were appointed by the court, and they reported adversely to a change. To their report no exceptions were filed. Re-reviewers were subsequently appointed and they made report that "said road has become useless, inconvenient and burdensome, and especially so to the owner of property (George B. Grube) through which it passes."

Exceptions were filed to the report of the re-reviewers which after argument were dismissed by the court and the report was confirmed absolutely, from which action of the court the exceptants, Zacharias Minnich et al. appealed.

*Errors assigned* among others were (1) in dismissing fourth exception to the report of viewers as follows: " 4. The report of viewers does not show through what township or county the road intended to be vacated and the new road as laid out passes." (4) In dismissing the first exception to the report of re-reviewers, as follows: " 1. According to the petition for the appointment of re-reviewers, and according to the order of court to the reviewers in above case and the report in pursuance thereto, the same road and premises were not re-reviewed that the viewers and reviewers had previously viewed and reviewed." (5) In dismissing the second exception to the report of re-reviewers as follows: " 2. The petition for the appointment of re-reviewers and the order of court to the re-reviewers did not follow the petition for the appointment of reviewers and the order of court to the reviewers issued in pursuance to said petition." (7) In dismissing the fourth exception to the report of re-reviewers, as follows: " 4. The alleged defects in the present road which are claimed to have made it " become useless, inconvenient and burdensome " are not recited in the petitions for view and review and the remedies therefor are not suggested in said petitions as required by law." Other assignments were to the

dismissal of exceptions raising questions on the merits of the reports of the viewers and re-reviewers.

*J. W. Johnson*, for appellants.—The report of viewers will only need to be read to convince any one that the viewers have failed to state in what township, or in what county, the road was located which they undertook to vacate ; or in what township, or in what county, they undertook to lay out the new road.

Section 23 of the Act of June 13, 1836, P. L. 551, says :

" Every application to vacate any road as aforesaid shall set forth in a clear and distinct manner the situation and other circumstances of such road or highway, or of the part thereof which the applicants may desire to have vacated as aforesaid."

If the particularity mentioned in this section of the act of assembly of 1836 be required, it would certainly follow that the same particularity would be required in the report of the viewers. Nothing in such case will be taken for granted. That the petitioners, the exceptants, and the viewers knew what road they were attempting to vacate, and where they meant to lay out a new road is not enough. It must clearly appear in the report of the viewers. And in the light of the decision of Road in Ross Township, 36 Pa. 87, the report of the viewers in the case under consideration is, it appears to appellant, fatally defective ; and, if so, the first assignment of error should be sustained.

In Road in Otter Creek Township, 104 Pa. 261, the Supreme Court of our state held that, " a proceeding to vacate and supply an old road between certain points designated in the order is not a matter of right in the petitioner, but of discretion in the court of quarter sessions ; and to move that discretion it is proper to recite in the petition the particular defects in the present location of the road and to suggest the selection of another route in order to remedy such defects."

*D. McMullen*, for appellees.—The petition for appointment of re-reviewers describes the same road as the petition for viewers and reviewers—the wording of the description of the part proposed to be changed is slightly different, but it only requires a reading of the two petitions to convince any one that the identical road referred to in the one is the subject of the other.

The situation of the portion of road to be changed is sufficiently set forth in the petition.   It is as minutely described as it is possible to do.   There can be no uncertainty as to the part vacated and the part laid out in lieu thereof.   This is all that the act of assembly requires.   In Road in Otter Creek Township, 104 Pa. 261, it was attempted to set aside a report, because the petition stated the reasons why the location should be changed; the attempt failed, because the court held that the reasons were proper for the information of the court.   But no case has gone so far as to hold that a report of viewers must be set aside because the petition fails to specify why the road alleged to be inconvenient is so.

OPINION BY RICE, P. J., January 17, 1900:

1. The petition for the appointment of re-reviewers set forth: "That a public road, or highway, has long since been laid out and opened, beginning at Landis Valley, in said township of Manheim, and ending in the Lancaster and Lititz turnpike at the village of Neffsville, in said township of Manheim.   That a portion of said road, beginning at the Lancaster and Lititz turnpike and ending at a point about 150 feet east of said turnpike, has become useless and inconvenient and burdensome to the public and to the owners of property through which it passes, and that the public and the owners of property would be benefited by changing the bed of that portion of the said road so that it would end in the Lancaster and Lititz turnpike at a point eleven feet south of its present terminus, beginning to diverge from its present location at a point about 150 feet east of said turnpike."   The order issued to the re-reviewers stated that the part of the road proposed to be vacated, as well as the road to be laid out in its place, were in Manheim township.   The re-reviewers reported that they "viewed the ground proposed to be vacated, and parts adjacent, and . . . . do lay out in lieu thereof for public use the new road," describing it by the termini mentioned in the petition and order, and also by courses and distances.   There is not the slightest uncertainty in this report as to the location of the road vacated or the road laid out in its place.   It is the identical location described in the petition and orders, and, as these name the township, the omission to designate it by name

in the report is not such an irregularity as would justify reversal: In re Road in Bellevernon, 15 W. N. C. 232; Road in South Abington, 109 Pa. 118. The first assignment of error is overruled.

2. The eighteenth section of the Act of June 13, 1836, P. L. 551, provides that the court of quarter sessions shall have authority, in the manner provided for laying out public roads, " to inquire of and to change or vacate the whole or any part of any private or public road which may have become useless, inconvenient or burdensome." A proceeding to " change " part of a road from one location to another necessarily involves a vacation of the old road to the extent required to make the change. Therefore, so far as the end to be attained is concerned, there is no substantial discrepancy between the petition for the appointment of viewers in the present case and the petition for the appointment of re-reviewers. Both contemplated precisely what the viewers and the re-reviewers reported, namely, a " change " of that part of the road lying between the terminus in the Lancaster and Lititz turnpike and another clearly designated point about 150 feet to the east, by shifting the terminus above mentioned eleven feet to the south, laying out a road from the new terminus to the designated point, and vacating the part of the old road thus supplied. Nor is there any discrepancy between the two petitions, excepting in mere verbiage, in the description of the part of the road proposed to be vacated or changed or the road to be laid out in its place. It follows that the fourth and fifth assignments of error must be overruled.

3. It is argued in support of the seventh assignment that a petition to change, or to vacate and supply a road, although drawn in the language of the act, is insufficient to give the court jurisdiction, unless it sets forth the particular defects in the present location. The case of Road in Otter Creek Township, 104 Pa. 261, is cited in support of this proposition. But in that case the complaint was, not that the petition was not full enough, but that it was too full; in other words, that it suggested the route between the termini, which was exclusively for the viewers. It was of such a case that Mr. Justice CLARK said: " To move the discretion of the court, it is certainly proper to recite in the petition the particular defects in the

present location of the road, and to suggest that it is possible to remedy their defects by supplying another." He did not decide that this must be done, but only that to do so was not cause for reversing the order of the quarter sessions confirming the report. No case has been called to our attention which decides that the omission of the petition to specify why the part of the road alleged to be inconvenient is so is fatal on appeal. We held the contrary where the petition was to vacate the whole road and was drawn in the usual form alleging that the road was useless, inconvenient and burdensome : Keller's Appeal, 5 Pa. Superior Ct. 222. See also Trickett on Roads, 232. The seventh assignment is overruled.

4. Where an appeal is taken from any order or proceeding in relation to a public road, this court will not suffer the merits of the case to be entered into, nor reverse the order of the court of quarter sessions, unless for some error or irregularity apparent on the record, or because the court below exceeded their jurisdiction or erred in their judgment in point of law : Rule 13. This rule, which is a substantial transcript of the rule of the Supreme Court upon the subject, is but a declaration of the law as established by decisions too numerous to cite. It seems, however, not out of place to call attention to the emphatic remarks upon the subject in Kensington Turnpike, 97 Pa. 260, and Keller's Road, 154 Pa. 547. One reason for the rule is that the certiorari does not bring up anything but the record, of which the evidence is no part. It follows that all of the assignments of error not specifically noticed must be dismissed.

The order is affirmed ; the costs of this appeal to be paid by the appellants.