# West Donegal Township Road.

*Road law—Certiorari—Record—Evidence—Questions of fact.*

A certiorari in road proceedings does not bring up the evidence, and, therefore, the appellate court has no power to review the questions of fact passed upon by the court below on depositions submitted to the court.

*Road law—Vacation of road—Record—Discretion of court.*

Where a petition for the vacation of a road sets forth in general terms that the road "has become useless, inconvenient and burdensome," and the report of the viewers sets forth the fact that the road crosses a new line of a double track railroad, there is sufficient on the face of the record to move the discretion of the court to vacate the road, apart from the facts disclosed by the deposition.

*Road law—Vacation of road—Improvements—Appeals.*

On an appeal from an order vacating a road, it is too late to raise for the first time an objection that the report of the viewers and the draft attached thereto did not describe improvements.

Argued Nov. 11, 1902. Appeal, No. 169, Oct. T., 1902, by West Donegal Township Road, from order of Q. S. Lancaster Co., Nov. T., 1900, page 462, confirming report of viewers in WestDonegal Township Road. Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to show cause why report of viewers or rereviewers should not be adopted.

LANDIS, J., filed the following opinion:

In pursuance of the petition of divers citizens of West Donegal township, this court appointed viewers to pass upon the expediency of vacating a certain public road located in said township, and, on January 21, 1901, the report of these viewers was presented and confirmed, nisi, whereby it was shown that the said road had become useless, inconvenient and burdensome, and it was, therefore, recommended that it be vacated. Reviewers were then appointed, and, on August 19, their report was presented and confirmed, nisi. These reviewers reported that there was no occasion to vacate the said road. The court thereupon appointed rereviewers. On January 22, 1902, the report of the rereviewers was likewise presented and confirmed nisi, and by it a similar recommendation, as set forth in the report of the viewers, was made, that the road ought to be vacated. The present rule was thereupon entered to finally settle the controversy.

By the depositions which have been taken, in order that the question might be understandingly presented to the court, it was shown that the Harrisburg, Portsmouth, Mount Joy & Lancaster Railroad, operated by the Pennsylvania Railroad Company, crossed this public road, and that the width of the cut at the place of crossing was 250 feet, and that its greatest depth was about ninety feet. In order, therefore, to make the road passable, it will be necessary to either cut down the bank to the grade of the tracks, or else to erect a bridge over the railroad, either of which would manifestly be attended with very considerable expense. There is only one farmhouse upon the road, which is owned and occupied by Abram Hoffer, who, however, has released all damages by reason of the vacation of the road, and has stipulated, in writing, that neither he nor his

successors in title will make application for a public road.   In addition, it is also stated that there are roads in the immediate vicinity, by which anyone, with very little inconvenience, can reach the same points as they can by using this road.

But, disregarding, for the moment, the fact that Mr. Hoffer is not here objecting, we have before us the report of two juries in favor of its vacation.   In the case of Schuylkill Falls Road, 2 Bin. 250, YEATES, J., says : " Many cases may occur, where, from local circumstances, it may be difficult for the court to form their judgment on the relative merits of two different returns.   The members of the court may suppose that the viewers and reviewers possessed equal disinterestedness, respectability of character and knowledge of the ground through which the road passes, and their minds may balance between them. What more proper medium of information could be pointed out in such a case than the view of other discreet and reputable men, to determine to which of the returns the preference should be given ? "   In Forks Township Road, 1 Northampton, 223, which was a case somewhat similar to the present one, in that the viewers reported in favor of vacating the road in controversy, and a jury of reviewers against vacating it, the court below appointed rereviewers to settle the question of the necessity of the road.   See also Trickett, Pennsylvania Road Law, p. 164. In Towamencin Road, 10 Pa. 195, BELL, J., says that " the propriety of granting or refusing the prayer for a road is generally thought not to be ascertained until at least two juries of view concur in opinion on the subject, and it sometimes happens that, before this is attained, three, four or more views may be appointed."   In Road in Ephrata Township, 5 Lanc. L. R. 5, it has been said by this court that, " usually, where viewers and reviewers have been properly appointed by the court, and the only inquiry is as to the necessity for a new road, or the usefulness of an old one, the question, being one of fact, is to be determined by the road jurors and not by the court.

Under all the facts surrounding this case, we think that, as two juries, who have been upon the ground and viewed the general location, have concurred in vacating the road, we should adopt their conclusions as the facts of the case.   For this reason, we have determined to adopt the report of the viewers.

620, (1902).] Opinion of Court below—Opinion of the Court.

Rule made absolute and report of viewers adopted.

*Error assigned* was the order of the court.

*B. F. Davis*, for appellant.—The discretion of the court in·vacating the road was not properly exercised : Abington Road, 3 Pa. Dist. Rep. 226 ; O'Hara Twp. Road, 152 Pa. 319 ; Leet Twp. Road, 159 Pa. 72 ; Pennsylvania R. R. Co.'s App., 128 Pa. 509.

*W. U. Hensel*, with him *Isaac R. Herr*, for appellees.—Time out of mind it has been the practice in the lower court to confirm the action of a majority of road juries ; and when there are two reports in favor of a road, or of vacating it, such reports are almost invariably confirmed, and the report of a single jury against two adverse reports is seldom, if ever, approved.   This rule will not be departed from, unless manifest abuse of discretion in the court below is demonstrated : Abington Twp. Road, 14 S. & R. 31 ; Aston Twp. Road, 4 Yeates, 372 ; Towamencin Road, 10 Pa. 195 ; Paradise Road, 29 Pa. 20 ; East Donegal Twp. Road, 7 Lancaster Law Rev. 67 ; Forks Twp. Road, 1 Northampton, 223 ; Ephrata Twp. Road, 5 Lancaster Law Rev. 5.

The appellate court cannot consider the evidence : Keller's App., 5 Pa. Superior Ct. 222 ; Benzenhoefer's App., 154 Pa. 547.

It will be presumed that the viewers performed their duty and that all things were rightly done, unless the contrary be shown : South Abington Twp. Road, 109 Pa. 118.

The omission to return a draft of the road vacated is obviously unnecessary and useless, and it makes no difference that even the order to vacate directs the viewers to return a plan. Road in Jackson Township, 9 Pa. 85.

PER CURIAM, December 13, 1902 :
On the face of the petition to view and vacate the road in question and of the report of the viewers, the court had jurisdiction of the subject-matter.   There was a view, a review and a rereview, to all of which exceptions were filed.   Upon a rule to show cause why the report of the rereviewers should not be

adopted, the court below confirmed the report of viewers absolutely, filing an opinion fully covering the grounds upon which the order was made.

The questions of fact raised in the court below and argued here do not properly come before us. A certiorari does not bring up the evidence and, therefore, this court has no power to review the questions of fact passed upon by the court below on depositions submitted to the court: Nobles v. Piollet, 16 Pa. Superior Ct. 386, and cases there cited; Road in Herrick Twp., 16 Pa. Superior Ct. 579; Hector Twp. Road, 19 Pa. Superior Ct. 120. It is argued that neither the petition nor the report of the viewers shows facts sufficient to move the discretion of the court in entertaining the petition and confirming the report of the viewers. It is true that the petition sets forth only in general terms that the road sought to be vacated "has become useless, inconvenient and burdensome." This is the ordinary form of a petition and is doubtless sufficient to justify and sustain the appointment of viewers, but the report of the viewers which has been confirmed sets forth the fact that the road crosses the new line of the Harrisburg, Portsmouth, Mount Joy & Lancaster Railroad Company, and the draft which accompanies the report shows a crossing of a double track railroad at the point indicated in the report. This of itself would be sufficient to move the discretion of the court and the facts brought to its attention by the depositions would only be supplementary thereto and with them, as we have already said, we have nothing to do. The opinion of the court satisfactorily disposes of all the questions raised before it.

The thirteenth assignment of error is as follows: " The report of the viewers is fatally defective in this: neither it nor the draft attached thereto describe the buildings, fences, clearings or improvements on the land." This question was not raised in the court below. Whether or not in a report of viewers to vacate a road it is necessary to note the improvements need not now be discussed. We have lately considered the question relating to the necessity of noting improvements quite fully in Road in Upper Darby Township, 15 Pa. Superior Ct. 652, and there decided that such an omission " cannot be said to be incurably fatal for, if the attention of the court below had been called to it, the report could have been referred back to

the viewers for amendment. It is not like the case where the termini in a petition for a road are not definitely specified. Such a defect is incurable and vitiates all subsequent proceedings, because the supervisors can have no definite guide in opening the road." But we also there decided that it is too late to raise the question here. The authorities are fully discussed in this opinion and it is not necessary to repeat what is there said. See also Road in Rostraver Twp., 21 Pa. Superior Ct. 195.

The assignments of error are all overruled and the order of the court below, confirming the report of viewers, affirmed.