# Bristol Township Road.


*Road law—Opening road—Vacating road—Act of June 13, 1836, P. L. 551—Improvements.*

1. Combining in one petition a prayer to open a road, and to vacate another that may be thus rendered useless, inconvenient or burdensome, is not improper practice if the statutory requirements relating to opening and vacating roads are observed in other particulars.

2. The requirements of the Act of June 13, 1836, sec. 18, P. L. 551, that the road to be vacated shall be useless, inconvenient or burdensome, is in the disjunctive, and it is not necessary that all the elements should be present to justify a vacation. If any one of the three conditions is found to exist to the satisfaction of the court, a sufficient reason in this regard is established.

3. A mere allegation in the petition that the road is useless, etc., is sufficient to warrant the appointment of viewers. It is not necessary to state the facts.

4. A report of viewers which states that "there are no improvements along the line to be laid out" is not defective in failing to set out the fact that a railroad was on the ground. A railroad on the ground is not such an improvement as to other landowners as requires mention in the report.

*Road law—Railroads—Opening road across railroad—Jurisdiction— Act of June 7, 1901, P. L. 531.*

5. The fact that the draft accompanying the report of a board of viewers shows that "the new road opened was laid out over the tracks of a railroad company at grade" does not oust the jurisdiction of the court, where it appears that the only party objecting was the owner of land on each side of the road to be opened; that the county commissioners could not construct a road at grade without the consent of the court, and that the railroad company filed a stipulation to pay all costs and damages and to construct an overhead or underneath crossing as may be required by the court of common pleas.


Argued Nov. 21, 1911. Appeal, No. 113, Oct. T., 1911, by Linda M. Cadwallader, from order of Q. S. Bucks Co., April T., 1910, Sessions Docket No. 13, dismissing exceptions to report of viewers. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to report of road viewers.

The exceptions were as follows:

2. The petition fails to set forth how the road desired to be vacated became a public road.

3. As the road laid out by the viewers crosses the tracks of a railroad company at grade, this court is without jurisdiction.

4. The viewers in their report have not noted or described the location of the tracks of the Pennsylvania Railroad Company.

5. The new road is laid out across the tracks of the Pennsylvania Railroad Company at grade. These tracks are four in number and are on the main line of the said Pennsylvania Railroad Company running to New York city, and over them run a multitude of trains daily. The said grade crossing would be in the highest degree dangerous to the lives, limbs and property of those persons traveling on the said proposed road. The establishment of the said grade crossing would be in violation of the policy of this commonwealth, as declared by the legislature and the courts.

7. The report of the viewers does not find that said College road is useless, inconvenient or burdensome.

8. Said College road is not useless, inconvenient or burdensome. It furnishes a necessary and convenient highway to Frankford and Bristol turnpike to those using said State road, China lane and College road. The cost of maintaining and repairing it is trifling and said cost is borne by the exceptant, Linda M. Cadwallader.

10. The said proposed new road will furnish a less convenient highway to said Frankford and Bristol turnpike.

12. The report of the viewers finds that the said College road "by reason of the laying out and opening of the proposed road, will become useless and that the same should therefore be vacated." There is no finding that said road is at the present time useless. The said College road is not useless, and will not be rendered useless by the opening of said new road.

*Errors assigned* were in dismissing exceptions to the report of viewers.

*Hy Spalding,* of *Fell & Spalding,* with him *Hugh B. Eastburn,* for appellant.—The proceedings are defective and void because the petition for the appointment of viewers failed to set forth how the road proposed to be vacated became a public road: Drumore Twp. Road, 15 Pa. Dist. Rep. 625; York Twp. Road, 11 Pa. Dist. Rep. 706; East Hempfield Road, 21 Lanc. Law Rev. 226.

The report of the jury of view was defective and should have been set aside because it failed to note and describe the location of the tracks of the Pennsylvania Railroad Company: Upper Darby Twp. Road, 15 Pa. Superior Ct. 652; Leet Twp. Road, 159 Pa. 72; Pittsburg & Connellsville R. R. Co. v. Southwest Penna. Ry. Co., 77 Pa. 173.

See also Mifflinville Bridge, 206 Pa. 420; Penna. R. R. Co. v. Bogert, 209 Pa. 589; Pitts. & Lake Erie R. R. Co. v. Lawrence County, 198 Pa. 1.

The jurisdiction of the court below was not properly invoked because the petition was framed in entire disregard of the act of 1836 and the defects of the petition were not corrected by the report: Ross Twp. Road, 36 Pa. 87; Pike Twp. Road, 30 Pa. Superior Ct. 644; Blakely Road, 8 Pa. C. C. Rep. 498; Hamiltonban Twp. Road, 19 Pa. C. C. Rep. 648.

The whole proceeding in the court below was void for want of jurisdiction, because the new road opened was laid out over the tracks of a railroad company at grade. In such a case the Act of June 7, 1901, P. L. 531, has taken jurisdiction to open roads from the court of quarter sessions and vested it in the court of common pleas: Penna. R. R. Co. v. Bogert, 209 Pa. 589; Crescent Twp. v. R. R. Co., 210 Pa. 334; Ligonier Valley R. R. Co. v. Latrobe Boro., 216 Pa. 221; O'Hara Twp. Road, 152 Pa. 319; Mead Twp. Road, 66 Pa. 185; Guilford Twp. Road, 4 Pa. Dist. Rep. 570.

*Harman Yerkes*, with him *Gilkeson & James*, for appellee.—The petition was in proper form: Swanson Street, 163 Pa. 323; Henry Street, 123 Pa. 346; Ross Twp. Road, 36 Pa. 87; Cheltenham Twp. Road, 26 Pa. C. C. Rep. 1; Lower Merion Twp. Road, 30 Pa. C. C. Rep. 396; Blakely Road, 8 Pa. C. C. Rep. 498; Big Run Road, 47 Pa. Superior Ct. 166; Bean's Road, 35 Pa. 280; Lindsay v. Dutton, 227 Pa. 208.

The question of granting a crossing at grade, raised by the appellant, is premature. The duties of laying out the public road are within the jurisdiction of the court of quarter sessions, and the juries appointed by it; its discretion to determine whether the road shall be permitted to cross the railroad at grade is now taken away and the jurisdiction of the common pleas is substituted for it.

OPINION BY ORLADY, J., March 1, 1912:

The foundation of this proceeding is the petition for the appointment of viewers to lay out a public road, to begin and end at clearly defined points, and "if they see occasion to lay out the same, to inquire of and vacate a public road now opened from the Frankford and Bristol Turnpike road, at a point opposite the cemetery, to the terminus of the Lower State road, on the line of the proposed road, in the township of Bristol aforesaid, which said last mentioned road will by reason of the laying out of the proposed road become useless, and make report," etc. If this petition is defective, and is not cured by the report of the viewers, all the subsequent proceedings must fall with it: Dunbar Township Road, 12 Pa. Superior Ct. 491.

It is conceded that the petition is copied bodily from Smith's Book of Forms, which on account of the eminence of the compiler, as a state reporter, caused it to be adopted in general practice for more than half a century and accepted by old lawyers as a well-recognized standard of worthiness.

Combining in one petition a prayer to open a road, and

vacate another that may be thus rendered useless, inconvenient or burdensome, has the sanction of practice in many parts of the state, and the approval of the Supreme Court. If the statutory requirements relating to opening and vacating roads, are observed in other particulars, we see no good reason for holding that this practice of itself invalidates the proceeding. The authority to lay out and alter a road, is an authority to substitute a new road for an old one, and whenever this is done, so far as the old is supplied by the new one, it should be vacated. The principles involved in proceedings under the twentieth section of the Act of June 13, 1836, P. L. 551, apply with equal reason to those under the eighteenth and twenty-third sections. They are correlative parts of a system. The requirement of the eighteenth section that the road to be vacated shall be useless, inconvenient or burdensome, is in the disjunctive, and it is not necessary that all three elements should be present to justify a vacation. If any one of the three conditions is found to exist to the satisfaction of the court, a sufficient reason in this regard is established.

The twenty-third section requires that the petition to vacate "shall set forth in a clear and distinct manner the situation and other circumstances of such road." The purpose of this specification is to put the court in possession of facts from which it can be determined, whether there is sufficient reason for the proposed vacation. The petition in this case, when taken with the report of the reviews, and the draft which is properly a part of it, defines the terminal points with sufficient precision, so as to fix the ones in the road reported to be opened, and the one to be vacated, as being identical with the ones proposed. There could not be any doubt in regard to the location on the ground of an open and existing public road, and the draft exhibits beyond all controversy, in its courses and distances, the precise terminal points for each road as mentioned in the petition, and that the road to be vacated has a course of N. 16°, W, and is 646 feet in length between the

beginning and ending stations, and this furnished all the certainty that is required. In an ordinary road proceeding in the quarter sessions, we cannot require that technical accuracy which must be observed in criminal proceedings in the same court: South Abington Township Road, 109 Pa. 118. The practice and decisions in the local courts of the commonwealth are not consistent in this respect. It was formerly held that the omission to state the facts supporting the allegation that the road to be vacated was useless, inconvenient and burdensome, was a fatal defect, Ross Township Road, 36 Pa. 87, but later decisions have held that the mere allegation that it was useless, etc., was sufficient to warrant the appointment of viewers: West Donegal Township Road, 21 Pa. Superior Ct. 620; Keller's Appeal, 5 Pa. Superior Ct. 222; Manheim Township Road, 12 Pa. Superior Ct. 279. The additional facts and circumstances may be supplied by the draft and report.

It is urged that the report of viewers is defective in not noting the improvements along the line of the new road. The report states: "There are no improvements along the line to be laid out." The draft shows that this proposed road passes over the land of Mrs. Cadwalader, Mrs. D'Olier, William Shaffer and the railroad company. The jurors find that Mrs. Cadwalader suffers damages and award her the sum of $650, and that the other landowners sign and attach to the report a release from all damages to their property.

In O'Hara Township Road, 152 Pa. 319, it is held, that a railroad on the ground is not such an improvement as to other landowners as requires mention in the report, and in Palmer Township Road, 109 Pa. 274, it is held that, when no mention is made of any improvements by the viewers, we will not presume that any existed. Mere boundary lines are not improvements, but fences upon them, buildings, clearings upon the land inclosed by them are: Upper Darby Township Road, 15 Pa. Superior Ct. 652; Quemahoning Township Road, 27 Pa. Superior Ct. 150. The certificate of the viewers, with the attached

draft, implies that these roads are through open cultivated fields without buildings on them, and this fact was not denied in the court below, by any exception filed.

It is urged seriously that the whole proceeding was void for want of jurisdiction because the draft shows "the new road opened was laid out over the tracks of a railroad company at grade and in such a case the Act of June 7, 1901, P. L. 531, determines the whole question, and such a road cannot be laid out or opened. As in the Palo Alto Road, 160 Pa. 104, we have here but one party objecting and she owns land on each side of the road to be opened. The county and township authorities, the other adjoining landowners, join with the petitioners in urging the confirmation of the proceedings as an important public necessity.

From what appears on this record, the admission of counsel at bar on argument, and the physical conditions of which the court may take judicial notice, there is undue anxiety in regard to the danger of a grade crossing at this point. It is a matter of general notoriety, a fact of public history that a great four-track trunk line of a common carrier, crosses the course of the road to be vacated, and to lessen the hazard of this and other grade crossings, the railroad company has constructed a four-track elevated system which will so change the operation of the railroad, as to relieve the service of the tracks on the road to be opened, from all but siding or switch purposes. As to such a location and use at grade, the court below says: "There is no reason why, if the supervisors of Bristol township desire, they cannot go underneath the tracks of the Pennsylvania Railroad or overhead. If they desire to construct the road at grade, before they have the authority or the right to do so, they must obtain it from the court of common pleas. The present proceeding in no way is in opposition to the act of June 7, 1901; and at the suggestion of the court, the Pennsylvania Railroad Company has filed a stipulation, to be responsible for all damages assessed, and the cost of the proceedings, the construction

of the public road to be opened, and "if it shall be found and required by the court of common pleas of Bucks county that the crossing of the railroad by the public road shall be constructed otherwise that at grade, either underneath or above the railroad tracks by a bridge, the company will at its own expense build and construct such a crossing as shall be required by the order of the court."

The petitioners, public officials and the railroad company are operating together in following the well-settled policy of this state as declared by legislative enactment and judicial decisions, to eliminate as far as possible the deadly grade crossing, which is now permitted only when an imperious necessity for it is first established. Mifflinville Bridge, 206 Pa. 420; Penna. R. R. Co. v. Bogert, 209 Pa. 589; Crescent Township v. Railroad Co., 210 Pa. 334; Ligonier Valley Railroad v. Latrobe Borough, 216 Pa. 221, demonstrate the importance of protecting the traveling public from the dangers incident to grade crossings, and when there is such a good faith movement in the interest of the public at large, we will require substantial and material defects in a road proceeding to clearly appear before we will halt so beneficial an undertaking.

The appellant, with her counsel, appeared before the viewers, and refused to produce witnesses. The viewers heard the testimony of others as to the damages suffered by her as a result of the abandonment of College road and opening the proposed road, and awarded damages. She did not except to the fairness of the jury in awarding her that sum.

We allow the amendment of the title of the appellant, overrule the motion to quash the appeal so that the case may be fully considered.

The decree of the court is affirmed.