## Plainfield and Washington Township Road.

*Road law—Vacation of road—Viewers—Confirmation of report in part.*

Where viewers appointed on a petition to vacate a road laid out as a whole in two townships, report in favor of the vacation of the whole road, but state that the part of the road in one township was burdensome, but that the part in the other township was not, the court has no jurisdiction to confirm the report of the viewers to the extent that it vacated the portion of the road that was burdensome, and disapprove it in so far as it related to the portion of the road that was not burdensome.  The court can only approve the report as a whole, or disapprove it as a whole.

Argued Dec. 3, 1913.   Appeal, No. 118, Oct. T., 1913, by defendant, from order of Q. S. Northampton Co.,

Sept. T., 1912, No. 2, on report of viewers on petition to vacate the Plainfield and Washington Township Road. Before RICE, P. J., HENDERSON, HEAD and PORTER, JJ. Reversed.

Petition to vacate a road.

The following exception, inter alia, was filed to the viewers' report.

5. The viewers having found in the fourth, fifth and sixth findings that the said road, if wholly opened as laid out, would not be useless or inconvenient and would not be burdensome to the township of Plainfield, the viewers should not have reported in favor of vacating that part of the said road lying wholly within Plainfield township, whatever justification there might be in vacating that part of the road as now laid out lying within Washington township. The viewers have found as a fact (see tenth finding) that "the general location of this road (meaning the whole road) is such that it would be a convenient road from Ackermanville through Delabole and directly extending to Pen Argyl; and provide a shorter road and one of much easier grade than the nearest roads now connecting these points." They have also found (see eighth and ninth findings) that if the portion of the road in Washington township as now laid out were slightly changed, "the road, thus changed, would not be burdensome to Washington township." Under these facts as found by them, the viewers should not have reported in favor of vacating that part of the road lying in Plainfield township comprising about four-fifths of its entire length, but should have permitted it to stand, thereby affording an opportunity to the petitioners, by proper subsequent proceedings, to have the portion of the road as now laid out in Washington township relocated in accordance with the recommendation of the viewers.

On this exception STEWART, J., ruled as follows:

[No legal reason has been presented to us to disturb

that part of the whole road which is in Plainfield Township and it is our duty to sustain this fifth exception.] [1]

The court entered the following order:

[And now, April 14, 1913, the report of the viewers vacating the road fully described in No. 9, September Sessions, 1912, is confirmed absolutely so far as said road is within the township of Washington, and is not approved so far as the said road is in the township of Plainfield.] [2]

*Errors assigned* were (1, 2) above rulings, quoting them.

*C. F. Smith*, of *Smith, Paff & Laub*, for appellant.— The court cannot approve a part of a road only: Benzinger Twp. Toad, 115 Pa. 436; Herr's Mill Road, 14 S. & R. 204; McConnell's Mill Road, 32 Pa. 285; Catharine Twp. Road, 76 Pa. 189; Byberry Road, 6 Phila. 384.

*Robert A. Stotz*, with him *S. Bruce Chase*, for appellee, cited: Big Run Road, 47 Pa. Superior Ct. 166.

OPINION BY HENDERSON, J., February 20, 1914:

This proceeding had its origin in a petition for the vacation of a road laid out and opened in part in the townships of Washington and Plainfield "beginning in a public road leading from Bangor to Wind Gap at an intersection with a public road leading to Pen Argyl, said intersection being at the Delabole Post Office and at the Delabole Hotel, in the Township of Plainfield" and extending southwardly by courses and distances in the petition set forth "to the intersection of a public road leading from Ackermanville to Pen Argyl, the point of ending of said road" in the township of Washington. Viewers were appointed who reported in favor of the vacation of the road. They recommended, how-

ever, a relocation of part of the road along a course suggested by them. As this was not within the limits of their appointment under the petition that recommendation had no effect. The report was based on the conclusion of the viewers that the construction of that part of the road in Washington township would be attended with great expense and that the road would be burdensome to that district. It was not found useless or inconvenient or burdensome to the township of Plainfield and the viewers so stated in the report. Exceptions were filed to the report in behalf of some residents of Plainfield interested in the road and after argument the learned judge of the court of quarter sessions confirmed the report of the viewers to the extent to which it applied to that part of the road in Washington township and disapproved it so far as it related to that part of the road in the township of Plainfield. The effect of this order was to vacate all of the road in Washington township and to make the terminus of the road a fence or division line in a field on the south side of the land of Roger Buskirk and to make impossible all communication between the original termini of the road. The question for our consideration is whether the report of the viewers could be in part confirmed and a portion of the road vacated. The jurisdiction of the court in the particular case was acquired by virtue of the petition to vacate, but that petition had but one object, to wit: the vacation of the road. The termini and course of the road were specifically set forth and no alternative proposition was presented. The road was laid out in a single proceeding and the petition for vacation covered the whole of that road. It was held in Benzinger Township Road, 115 Pa. 436, that, in the case of a view to open, the road must be considered as a whole; that it mattered not that in the opinion of the court of quarter sessions a part of it was necessary and a part unnecessary; and that the court could not approve of the proceeding with the condition that it should be opened

only part of its length, and this for the reason that the court could not approve a part only.  The proceeding is statutory and the authority of the court is to approve or disapprove the report of viewers.  The only way in which the court of quarter sessions can be brought into action in such cases is through the petition and on the report of the viewers.  The same principle is declared in Beigh's Road, 23 Pa. 302, where in the case of two views it was said the court had no power to alter either report.  It was to confirm one or the other or reject both.  Such was also the view expressed in Herr's Mill Road, 14 S. & R. 204.  Any other view of the case would substitute the court for the viewers.  We are not warranted in supposing that the jury would have reported in favor of the vacation of part of the road although their discussion of the facts shows that the same reason did not exist in the case of that part of the road in Plainfield which moved them to recommend the vacation of the whole road.  The order as made produces a result neither asked for by the petitioners nor reported by the viewers.  Whether the report is to be approved or not is a matter within the discretion of the court.  Notwithstanding the recommendation of the viewers the court may disapprove it and dismiss the proceeding but this is a matter of approval or disapproval, not of partial approval and partial disapproval.  It is urged by the appellant that the first section of the act of May 3, 1855, P. L. 422, invests the court of quarter sessions with power to "change or vacate the whole or any part of any public or private road which may have been made out by authority of law and opened in part" and that under this act the proceeding is regular.  It is to be observed, however, that this authority is to be exercised in the same manner in which proceedings to open roads under the act of 1836 are conducted.  It is expressly provided in the act of 1855 that the court "shall proceed therein by views and reviews in the manner provided for the vacating of other roads by existing laws."  Referring to sec. 18

of the Act of June 13, 1836, P. L. 551, it will be seen that the jurisdiction conferred on the courts of quarter sessions to change or vacate any part of any private or public road which may have been laid out by authority of law is only to be exercised "by views and reviews in the manner provided for the laying out of public roads and highways." The court of quarter sessions has no authority to vacate or change without the affirmative report of a board of viewers and the whole or part of the road to be vacated should be described in the petition. It was not the intention of the legislature that in the case of a vacation it was within the authority of the court at its discretion to vacate or change any part of a road without a report of viewers supporting that particular action. The petitioners may select a portion of a road as the subject of vacation and the proceeding may be had on the question thus presented, but the authority of the court to inquire as to a part is conferred by the petition and the report of viewers.

The Act of May 5, 1911, P. L. 123, has no bearing on the case. It was doubtless in the minds of the viewers in making up the report but it does not relate to a subject committed to them under the order directing the view. It relates to a change of the location of any part of a public road by the supervisors under an agreement with the property owners affected by such change as to damages, but does not affect a vacation proceeding under the act of 1836 or the act of 1855. The case of the Big Run Road, 47 Pa. Superior Ct. 166, cited by the appellee, is not relevant to the present controversy as there was no question there relating to the power of the court to approve in part and disapprove in part. The sole question was whether the court of quarter sessions of Tioga county had authority to vacate a public road in that county when a road in the adjoining county of Lycoming connected with the road to be vacated at the county line. The point at issue was clearly stated by the president judge of this court as follows: "The question

presented by this appeal, therefore, is not whether the court of quarter sessions under the special circumstances of a particular case may justifiably refuse to vacate part of a road because of the condition in which the unvacated part will be left but whether it is beyond the power of that court in any case to vacate part when the terminus of the unvacated part will not be in another public highway or at a place of public resort." In that case the report of viewers conformed to the petition and the action of the court sustained the report of viewers. In the light of the legislation bearing on the subject of the opening and vacation of roads and the authorities affecting the question now under consideration we are of the opinion that the court of quarter sessions was limited to an approval or disapproval of the report of viewers and that there is no authority for an approval in part and a disapproval in part where the petition contains a single proposition and relates to a single subject.

The order is reversed and the record remitted to the court below with a procedendo.