# In the Matter of Church Street.

1. A certiorari does not bring up the testimony which may have been heard below on exceptions to the report of road commissioners.

2. An act for laying out streets directed that notice should be given to property-holders to set in their fences: "Provided, the property-owners, to whom damages have been awarded by the commissioners, shall have been duly paid the said award." *Held*, that under the proviso the commissioners were authorized to assess damages.

3. The title of an act was "A supplement to an act to open and straighten" certain streets in Philadelphia, and the act provided for the assessment of damages as to which there was nothing in the original act. *Held*, to be constitutional.

January 21st 1867. Before WOODWARD, C. J., THOMPSON and STRONG, JJ. READ, J., sick. AGNEW, J., at Nisi Prius.

Certiorari by Jacob Hesser, Charles Hesser and Jacob Gerhard, to the Court of Common Pleas of Philadelphia, in the matter of opening Church street, in the Twenty-second Ward.

On the 20th of May 1864, an Act of Assembly was passed requiring the Court of Common Pleas of Philadelphia to appoint three commissioners to lay out certain streets named, and "making Church street, between Musgrove and Nash street, to be forty feet in width, and run in a straight line with that part, as confirmed by the Court of Common Pleas, between Musgrove and Chew streets; and the said Church street, from Nash street to Main street, to be twenty feet wide. Said extension to be made, and damages to be assessed and paid, as is provided by existing laws, and said streets to be put in good travelling order, by the highway department, immediately upon the confirmation of the report of said commissioners." The court thereupon appointed the commissioners, who held their first meeting November 24th 1864, and proceeded to assess damages: their right to do so being denied by the plaintiffs in error. After the meeting, before the commissioners had closed, there was passed, on the 4th day of February 1865, "A supplement to an act to open and

4 P. F. SMITH—23

[In the Matter of Church Street.]

straighten Highland and Union avenues, and Thirtieth street, in the Twenty-second Ward, and Church and Adams streets, in the City of Philadelphia, approved the twentieth of May, Anno Domini one thousand eight hundred and sixty-four," which enacted " That so much of the above act that reads, from Nash street to Main street, to be twenty feet wide, shall be so construed by the commissioners in making their report to the court, as to read, and the said Church street, from Nash street to Main street, to be twenty feet wide," &c.          *          *          *          *          *

" That thirty days after the confirmation of the report of the commissioners, it shall be the duty of the chief commissioners of highways to notify the property-holders on said Church street to set in their fences on the line of the aforesaid confirmed street: Provided, The property-owners, to whom damages have been awarded by the commissioners, shall have been duly paid the said award."

The commissioners, May 8th 1865, filed their report, to which the plaintiffs in error excepted.

The exceptions were, that the commissioners had no power to assess damages; that insufficient damages were awarded; that the commissioners had heard all the evidence as to damages before the Act of 1865 was passed, and that after the hearing and the passage of that act, the commissioners reported on the opening of the street so as to increase the damages. The last exception was sustained and the report referred to the commissioners to re-examine the question of damages.

At the meeting of the commissioners the plaintiffs in error protested against the submission of the question to them, on the ground that one of the commissioners was interested, and that another had expressed an opinion on the question.

The commissioners reported reaffirming their first finding.

To this report exceptions were filed, viz.: that the commissioners " had awarded no or insufficient damages;" that two of the commissioners were interested and incompetent, and that they had not returned the protest presented to them by the exceptors against their acting. The exceptions were dismissed, and the report confirmed.

The exceptors took a certiorari to the proceedings, assigning for error:—

1. Dismissing the exceptions to the power and authority of the commissioners to assess the damages, and in deciding that they had such power and authority.

2, 3. Dismissing the exceptions to the competency of the two commissioners to assess the damages, and in deciding that they were competent so to act.

4. In entering the final decree confirming the report of the said commissioners.

[In the Matter of Church Street.]

*C. S. Pancoast*, for plaintiffs in error.—The Act of 1865 is void, conflicting with Art. II. § 8 Constitution of Pennsylvania, which requires that the subject of an act shall be clearly expressed in the title : Sun Mutual Ins. Co. *v.* Mayor, 4 Sel. 252 ; People *v.* McCann, 16 N. Y. 61 ; Brewster *v.* City of Syracuse, 19 Id. 116 ; Connor *v.* Mayor, 1 Seld. 292 ; Thomason *v.* The State, 15 Ind. 455 ; Railroad Company *v.* Potts, 7 Id. 681 ; Parkinson *v.* The State, 14 Id. 193 ; Davis *v.* The State, 7 Id. 160 ; Beall *v.* Beall, 8 Geo. R. 210 ; Denham *v.* Holman, 26 Id. 192 ; State *v.* Hachell, 5 La. 92 ; Board *v.* Heenan, 2 Minn. 330 ; Robinson *v.* Bank, 18 Geo. R. 65 ; Davis *v.* State, 7 Ind. 151 ; Perkins *v.* State, 14 Id. 184 ; 2 Met. (Ky.) 220 ; Prothero & Kendall *v.* Orr, 12 Geo. R. 31, 1 Am. Law Reg. 612 ; and Williams *v.* Payson, 14 La. 7 ; State *v.* Wilson, 7 Ind. R. 516 ; State *v.* Bowers, 14 Id. 195 ; Macwherter *v.* Price, 11 Id. 199 ; Gillespie *v.* State, 9 Id. 383 ; Bossier *v.* Steele, 13 La. 433 ; State *v.* Hachell, 5 Id. 92 ; Heirs of, &c., *v.* Salter, 5 Id. 96 ; State *v.* Harrison, 11 Id. 722 ; Walker *v.* Caldwell, 4 Id. 292 ; Reiser *v.* Saving Fund, 3 Wright 145 ; Greenough *v.* Greenough, 1 Jones 495 ; Boom Co. *v.* Dodge, 7 Casey 285, 4 W. & S. 227 ; Menges *v.* Dentler, 9 Casey 495.

As to the competency of the commissioners : Act June 13th 1836, § 77, Purd. 881, pl. 104, Pamph. L. 566 ; Radnor Road, 5 Binn. 612 ; Road from McClaysburg, 4 S. & R. 200 ; Road from May Town, 4 Yeates 479.

*F. C. Brightly*, for defendants in error.—The merits of the case cannot be examined on certiorari : VI. Rule of Sup. Court ; Spring Garden Street, 4 Rawle 192 ; Schuylkill Falls Road, 2 Binn. 250 ; Road in Ashton Township, 4 Yeates 372 ; Philada. and Trenton Railroad, 6 Wh. 25 ; Kirk's Appeal, 4 Casey 185 ; Spring Garden Road, 7 Wright 144 ; Monong. Nav. Co. *v.* Coons, 6 W. & S. 117 ; Commonwealth *v.* Hartman, 5 Harris 117. As to the competency of the commissioners, Hilliard on New Trials, ch. 6, p. 66 ; McCorkle *v.* Binns, 5 Binn. 340 ; Hollingsworth *v.* Duane, 4 Dall. 353 ; Spong *v.* Lesher, 1 Yeates 326 ; McCausland *v.* McCausland, Id. 372.

The opinion of the court was delivered, March 11th 1867, by

THOMPSON, J.—The case is before us on certiorari, which does not bring up the testimony that may have been heard below on the exceptions to the report : Kirk's Appeal, 4 Casey 185 ; Spring Garden Road, 5 Wright 144 ; Rule VI. of this court ; Wright's Index 315 ; hence the presentation of testimony by the exceptants is out of place, so far as this case is concerned.

1. The 1st specification of error is to the power and authority of the commissioners under the Act of the 4th February 1865, to

assess damages to the property-owners on the street. Whatever difficulty there might have been to maintain their right to do so under the Act of 20th May 1864, all doubt was removed by the first-mentioned act. The proviso to the 2d section expressly recognises this right as existing, and it needs no argument to prove it.

2. The 2d and 3d specifications of error are objections to the competency of two of the commissioners, but not appearing on the record, we cannot take notice of the testimony to prove it: Rule of Court, *supra*.

3. The last is a general error, and need not be noticed. See Rules of Court requiring the errors to be specified.

4. The main argument in the case was directed to a point not embraced by any of the exceptions to the proceedings below, not raised by any exception taken to the confirmation of the report by the Court of Quarter Sessions in this court, namely, the constitutionality of the Act of the 4th of February 1865, under which the commissioners in part acted. It was not raised when the commissioners were appointed, nor when their report was before the court for confirmation, nor in the court excepting in argument. Under these circumstances we ought not to notice it: Rule IX., §§ 4 and 6, of the Rules of this Court; Wright's Index 318–19. We may notwithstanding however, say that we see nothing whatever to create any doubt of the entire constitutionality of either of the Acts of Assembly referred to.

Proceedings affirmed.