## Quemahoning Township Road.

*Road law—Petition—Caption of petition—Termini—Name of township and county.*

The caption of a petition for a road view may be considered in connection with the petition in determining whether the termini and the names of the township and county are sufficiently stated.

A petition to the quarter sessions of a county praying for the appointment of viewers to widen a road in a township of said county, sufficiently designates the county.

The omission to name the township in the petition, order of view and report is not cause for the reversal of an order of confirmation, where the termini are so precisely described in the report as to leave no room for doubt as to the location of the road.

*Road law—Exceptions—Failure to file exceptions—Review—Appeals.*

Where no exceptions have been filed to defects in road proceedings, such defects cannot be considered on appeal where no jurisdictional question is involved. Thus a charge that petitioners fail to observe a rule of court will not be considered on appeal where no exception is taken to the defect in the court below.

An exception in the court below depending upon a question of fact will be presumed to have been properly determined by the court below.

*Road law—Improvements—Report—Draft.*

An omission by the viewers to note improvements along the road is not

in itself fatal to the proceedings. The improvements may be noted upon the draft which accompanies the report.

Argued May 4, 1904. Appeal, No. 18, April T., 1904, by Nathan Stahl et al., from order of Q. S. Somerset Co., Sept. T., 1897, No. 6, confirming report of alias reviewers in the matter of Petition for Road in Quemahoning and Shade Townships. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition for the opening of a road.

The opinion of the Superior Court states the facts.

The court dismissed exceptions to report of alias reviewers.

*Errors assigned* were as follows:

1. The petition for road does not sufficiently designate the termini of the proposed road.

2. The petition for proposed road designates two intermediate points in the following language: " Said road to have two turns where it intersects the public road near the school house in said county."

3. The petition does not designate the township nor the county in which the proposed road is to be located nor does it give the residences of the petitioners.

4. The petitioners for review did not " state in the body of the petition the names of all such persons as had been upon the preceding view or reviews, and the names of all petitioners for or against the report as required by section 16 of rule of court 39.

5. The order for alias review did not follow the petition in that it stated the residences of the petitioners and the termini are stated differently from those named in the petition.

6. The viewers did not " endeavor to procure from the persons over whose land such location may be made releases from all claims for damages that might arise from the opening of such road " as required by the first section of the Act of May 14, 1874, P. L. 164.

7. The report of the alias reviewers shows that the road is laid out over an existing public road.

8. The report of the alias reviewers does not sufficiently designate the termini of the proposed road.

9. The report of the alias reviewers does not note the improvements along the line of said proposed road.

10. No notice was served on the county commissioners of the time when the court would be asked to confirm the report absolutely as required by section 18 of rule of court 39.

11. The order of court confirming the reports of alias reviewers nisi does not fix the width of the proposed road.

12. The court erred in permitting the supplemental report by the alias reviewers to be filed on November 11, 1902, their original report having been filed on February 25, 1901, and no affidavit accompanies the supplemental report.

13. The court erred in confirming the report of alias reviewers and directing road to be opened.

14. The court erred in not dismissing said proceeding for the reason that there was no public necessity for said road.

15. The court erred in confirming the report of the alias reviewers because undisputed facts show that the road at places is laid out at an elevation exceeding five degrees and no reason appears on record for not having avoided such elevation.

*W. H. Ruppel,* with him *L. C. Colborn* and *A. H. Coffroth,* for appellants.—That the termini are not designated with sufficient precision in this proceeding is apparent from the following authorities: Road in Union Twp., 17 Pa. C. C. Rep. 39; O'Hara Twp. Road, 152 Pa. 319; Lower Merion Twp. 58 Pa. 66; Catherine Twp. Road, 76 Pa. 189; Warrington Twp. Road, 8 Del. Co. Rep. 79; Darby Twp. Road, 15 Pa. Superior Ct. 652; Ottercreek Twp. Road, 104 Pa. 261; Sadsbury Twp. Road, 147 Pa. 471; Allegheny Twp. Road, 14 Pa. Superior Ct. 244.

The petition does not designate the township nor the county in which the proposed road is to be located, nor does it give the residences of the petitioners: Rostraver Twp. Road, 21 Pa. Superior Ct. 195.

The petition for review wholly ignored the requirements of the rule of court with regard to the furnishing of names both of the viewers and petitioners. In the body of the report there is no attempt to note the improvements along the line of the road: McCall's Ferry Road, 13 S. & R. 25; Julianna Street, 13 S. & R. 445; Road in Bellevernon, 15 W. N. C. 232;

O'Hara Twp. Road, 152 Pa. 319; Leet Twp. Road, 159 Pa. 72; Darby Twp. Road, 15 Pa. Superior Ct. 652; Charleston Road, 2 Gr. 467; Hempfield Twp. Road, 22 W. N. C. 537; Lackawanna Twp. Road, 112 Pa. 212.

That the court at the time the report is presented and confirmed nisi must fix the width of the road has been determined in numerous instances: Road Case, 3 W. & S. 559; Road Case, 4 W. & S. 39; Road in Norriton Twp., 4 Pa. 337; Road to Ewing's Mill, 32 Pa. 282.

*Ernest O. Kooser*, for appellees.

OPINION BY BEAVER, J., January 17, 1905:

This appeal might well have been quashed for the reasons stated in the third paragraph of the plaintiffs' motion to quash, that "appellants' paper-book does not contain, in its appendix, copies of the record sufficient for the determination of this appeal. Among other papers it lacks: A full copy of the petition for the view; the petition for the review; the caption to report of alias reviewers; a copy of the draft attached to and made part of the alias reviewers or any statement of the matters set forth on said draft; a copy of the notice and proof of service of the notice to the county commissioners of the presentation of the alias review report to the court for final confirmation;— all of which are necessary to the examination of the assignments of error." It would have been practically impossible to dispose of the assignments of error in an intelligent manner, except for the reason that the appellees in their paper-book have supplied the most of the deficiencies existing in that of the appellants. The draft accompanying the report of the reviewers, if there be such a draft, is not furnished by either, but we are able to dispose of the most of the assignments of error in a fairly intelligent way without this and we prefer, therefore, to dispose of the case upon its merits.

1. The viewers appointed in pursuance of the original petition for view reported against the road. The petition for a review cures several of the alleged defects in the original petition and the report of the viewers, made in accordance with the order based on the petition for review, is the one upon which the court finally acted. That petition and the proceedings

based thereon are all that need be considered here. The caption of that petition, which is omitted from the paper-book of the appellant, is " In re Petition and order to View a road leading from a point in the public road at or near the house of Joseph Eash in Shade township to a point in the Greensburg & Bedford turnpike at or near the city school house in Quemahoning township, Somerset county, Pa." Regarding this as part of the petition, as we well may, the termini are sufficiently stated, as are also the township and county in which the road is to be laid out. The termini in the report of the viewers are identical with those named in the caption of the petition referred to above. The petition is addressed to the judges of the court of quarter sessions of Somerset county. " A petition to the quarter sessions of a county, praying for the appointment of viewers to widen a road in a township of said county, sufficiently designates the county." " The omission to name the township in the petition, order of view and report is not cause for the reversal of an order of confirmation where the termini are so precisely described in the report as to leave no room for doubt as to location of the road : " 18 P. & L. Dig. of Dec. 30, 701 ; Rostraver Twp. Road, 21 Pa. Superior Ct. 195.

In the original petition it is asked that said road " have two turns where it intersects the public road near the school house in said county." But as this nowhere subsequently appears in the proceedings either in the petition for review, the order for view or the return and seems to have been entirely ignored, we cannot see how the regularity of the proceedings or any interests involved could have been affected thereby.

2. It does not appear that any exception was filed in the court below to the failure of the petitioners to observe section 16 of rule 39 of the court of quarter sessions of Somerset county. That court is the best interpreter of its own rules and, inasmuch as this omission was not called to its attention in the exception filed to the report of the viewers, it would not seem as if that court experienced any difficulty arising from the omission. The rule, as we understand it, was made solely for the convenience of the court. It is too late to raise such a question in this court and it need not now be considered.

3. The fifth assignment that " the order for alias review did

not follow the petition in that it stated the residences of the petitioners and the termini are stated differently from those named in the petition," embraces two subjects and might well, therefore, be disregarded, in view of our rule upon that subject. Inasmuch, however, as no exceptions were filed in the court below to these alleged defects, and they do not raise any jurisdictional question, it is not necessary to discuss them.

4. The same is true as to the sixth assignment of error. As a matter of fact, however, the alias reviewers assessed damages to Joseph and Christena Eash $50, Nathan Stahl $50, and returned the release of damages of Pearson Lohr. It does not appear that there were other owners through whose lands the said road was laid out. It is to be presumed, therefore, that the viewers did their duty.

5. The seventh assignment is that " the report of the alias reviewers shows that the road is laid out over an existing public road." This assignment does not follow the language of the viewers. It is simply an interpretation of the language in their report, which is that " the said road follows the course of an old road traveled for many years (public and private use)." The exception to the report in the court below was that " the viewers laid out and returned for public use a road wholly laid out on a private road which was granted by this court and opened and used as such for the past twenty-five years." The language used by the viewers does not necessarily imply that the road, as returned by them, was laid either upon a public or private road, as these terms are technically understood in our road laws. The exception in the court below, which was disposed of there, depends upon a question of fact which is not before us, and is presumed to have been properly determined by the court below.

6. The ninth assignment of error, that " The report of the alias reviewers does not note the improvements along the line of said proposed road," even if it were true, is not fatal to the proceedings. It would be sufficient if the improvements were noted upon the draft which accompanies the report. It is not furnished us either by the appellants or the appellees, but is interpreted by the appellees in an abstract from the draft in which there appears to be not only a description of the improvements but also of the character of the land through

which the road passes. In any event, the case comes within the rule laid down in Road in Upper Darby Twp., 15 Pa. Superior Ct. 652.

7. As to the notice required to be served upon the county commissioners of the time when the court would be asked to confirm the report absolutely, in accordance with the requirements of the rules of court, whether such a notice was given or not, seems to have been called to the attention of the court below by the exceptions therein, and was necessarily disposed of in the confirmation of the report. It was a question of fact which, when disposed of by the court below, is not the subject of review here : Kirk's Appeal, 28 Pa. 185.

8. The eleventh assignment that " The order of court confirming the reports of alias reviewers nisi does not fix the width of the proposed road," seems to be contrary to the facts. Although the order made by the court is not given in the paper-book of the appellants, it appears from that of the appellees that the following indorsement was made upon the alias order of review : " Report confirmed nisi and, if confirmed absolutely, to be opened thirty-three feet wide." This seems to us all that is required. The road would certainly not be opened unless confirmed absolutely, and, if so confirmed, the order relating to the width would go into operation. The failure to note this indorsement in the paper-book of the appellants is a serious omission, and but for the supplying of it by the appellees would have been ground for quashing the appeal.

9. The so-called supplemental report of the alias reviewers does not seem to us to be essential to the proper consideration of this case. The improvements seem to have been noted on the draft, so that the supplemental report simply contained an interpretation, so far as they they were concerned, of what was apparent from an examination of it. Whether the court was influenced in any way in its action by this report does not appear. Even if this supplemental report were stricken from the record it would not, so far as we can see, interfere in any way with the proper disposition of this case, and certainly the filing of it does not invalidate anything which preceded it.

10. The fourteenth and fifteenth assignments of error deal with questions of fact which were presumably properly dis-

posed of by the court below, and are not the subject of review by this court.

11. It follows, from what we have said, that the thirteenth assignment, which alleges general error "in confirming the report of the alias reviewers and directing the road to be opened," cannot be sustained.

The assignments of error are all overruled, the order of the court below is confirmed and the appeal dismissed at the costs of the appellants.