## Frankstown Township Road.

*Robert W. Smith,* for petitioners; *George G. Patterson,* for exceptants.

PATTERSON, P. J., March 30, 1929.—On Oct. 3, 1927, viewers appointed by this court filed their report recommending that a certain road in Frankstown Township, leading from White Bridge to Mentzer's Mill, of a total length of. 2332.9 feet, be vacated. Thirteen exceptions were filed to said report. In the 1st and 2nd exceptions it is averred that the petition for the vacation of said road failed to state specifically in what manner the road was originally established and that the location and other circumstances of the road were not stated as required by law. The 3rd and 4th exceptions aver that one of the viewers was not a resident and freeholder of the County of Blair at the time of his appointment, and that the term of another of the viewers had expired more than a year before his appointment in this case. The 5th, 6th, 7th and 8th exceptions aver that the report fails, for the reason that it undertakes to vacate a portion of a cross-road and continues as a public road and part of the same a short distance into a private residence. That the point of beginning and the point of ending and the next intersecting road are not definitely fixed, as required by act of assembly. That the road, as vacated, would leave a portion of the road not vacated terminating on private lands, and would continue said portion of said public road and two township bridges for the accommodation of one person. That said road would not have its termini in

other public roads or at other public places. It is averred in the 9th, 10th, 11th, 12th and 13th exceptions that the said proceedings are defective for want of proper notice; that the viewers were not organized, and that their findings of fact and law are not in accordance with the evidence and the act of assembly.

We shall first consider the 3rd and 4th exceptions, in which it is charged that the viewers were not duly qualified, and had this objection been made earlier in the proceeding, we are convinced that it would have prevailed. However, since the exceptants permitted the viewers to proceed with the hearing of witnesses and the viewing of the premises without objection, they are now too late, after report is filed, to make this application. The Act of June 23, 1911, P. L. 1123, provides for the appointment of viewers for a term of three years, and each viewer must be qualified, in that he be a resident of the county for at least five years before his appointment, and a freeholder. The term of one of the viewers had expired several years previous to his appointment in this case, and another viewer was not a freeholder or a resident of the county for a sufficient time.

In Columbus Township Road, 57 Pa. Superior Ct. 516, it is held: "It is clear that such objection ought to be made at the earliest moment when, by the exercise of common diligence and observation, the fact might have been discovered. A man cannot reserve such an objection while he awaits the chances of a favorable report and use it after he finds the report against him."

In Newbecker v. Susquehanna R. R. Co., 1 Pearson, 57, it is held: "A party knowing of a legal objection to a viewer must make it before the report is made."

If there were no other exceptions, this report should be confirmed.

The remaining exceptions, which we shall consider together, raise more serious questions. The proceeding is defective for the reason that neither the petition nor the report sets forth how the road became a public road, which is necessary, under the law, in order to give the court jurisdiction. It is not sufficient to merely aver, as in the petition in this case, "that a certain portion of the public road in the said township laid out many years ago and maintained and kept in repair by the township authorities." The petition must go further and show how it became a public road.

In Road in York Township, 11 Dist. R. 706, it is held: "In order to give the court jurisdiction, a petition for the vacation of a public road under the Acts of June 13, 1836, P. L. 551, and April 21, 1846, P. L. 416, must either state specifically that the road was not laid out by act of assembly or negative this exception by averring that the road was laid out under one of the methods prescribed by the acts authorizing vacation." Supporting the same principle are the following cases: Pine Hill Road, 6 D. & C. 441; Road in Salem Township, 23 Dist. R. 140.

In construing the Acts of 1836 and 1846, the court, in Road in Drumore Township, 15 Dist. R. 625, says:

"1. Having, then, only authority to vacate a road where it has been laid out by authority of law.

"2. Where it exists by prescription or lapse of time.

"3. All roads, except private roads, where their existence rests upon express grant, the evidence of which is still in existence, the court must be satisfied that the road which these proceedings propose to vacate comes within one of these three classes before it will order its vacation. The burden of showing this is on the petitioners. They are invoking the aid of the court, and they

must satisfy it that what they ask is within its powers. The petition is the basis of the proceeding, and it must contain a statement of everything necessary to give the court jurisdiction to do what is asked of it. In re Church Road, 5 W. & S. 200, the Supreme Court says: 'As the Court of Quarter Sessions has no powers but what it gets from the statute, the object ought to be specifically stated in the petition, which is the basis of the subsequent proceedings, and it should appear to be clearly within the purview.' "

A road may be laid out with one end at a point other than a public road, but no case has gone so far as to permit the vacating of a portion of a road which will leave another portion unvacated for the use of a private individual. And this report vacates only a part of the road designated and leaves 262 feet, upon which there are two township bridges to be maintained for the accommodation of one person.

In a very similar case, reported in 1 Chester Co. Reports, 396 [In re London Britain Road], it is held:

"It is excepted to the report of the viewers that they erred in so vacating portions of the old road, as in one place to have a public road leading to and only accommodating the residence of J. T. Burns, and in another in leaving a public road leading to and only accommodating the North Bank school-house.

"By the Act of June 13, 1836, in relation to public roads (Purdon, 1276), the Courts of Quarter Sessions 'have authority, upon application to them by petition, to inquire of, and to change or vacate, the whole or any part of any public or private road which may have been laid out by authority of law, whenever the same shall become useless, inconvenient or burdensome.'

"The authority here given to vacate a part of a public road was never intended to be exercised in such a manner as to leave a portion of a road unvacated, leading simply to the private residence of an individual, for his accommodation, and leaving no outlet beyond, and to be maintained at the public expense, when no public necessity called for it. If a road is not needed for public travel, it should be vacated. The act of assembly makes provision for private roads from plantations or dwelling-houses when needed, to be maintained by those for whose use they are laid out. The court could not sanction the laying out of a public road to or from the dwelling-house of an individual solely for his private accommodation; and neither will they so vacate a public road as to leave a part of it open for the same purpose. A public road, as a general rule, should have its termini in other public roads or at places of public resort; and when a part thereof is vacated, the part not vacated should have such termini: Road from Matthew Miller's, 9 S. & R. 35; Loretto Road, 29 Pa. 350; Boyer's Road, 37 Pa. 257; Susquehanna Road, 1 Pearson, 59. In the case before us, a portion of the road not vacated was left solely that access might be had thereby to the dwelling of J. T. Burns, and the road there ends. This cannot be sanctioned."

It is necessary that the petition set forth the circumstances or reason for not vacating a portion of the road, which in this case was overlooked, both in the petition and in the report. In Road in Ross Township, 36 Pa. Superior Ct. 87, it is held that the act of assembly provides: "That every application to vacate any road shall set forth in a clear and distinct manner the situation and other circumstances of such road or highway or of the part thereof which the applicants may desire to have vacated." And in the present case, neither the petition nor the report sets forth in clear and distinct manner the situation and other circumstances of the road sought to be vacated as required by law. The petition fails to mention the portion of the road which is not to

be vacated, and neither does the petition show any reason why a portion of this road should be kept open at public expense for private use.

The Act of Assembly of June 20, 1919, P. L. 509, provides "that a report of viewers shall not be held invalid for the reason that one of the termini named in the petition or in the report is at a point other than at a public highway or place of public resort, where it appears in such petition or report that the other terminus is a public road *and that the road is one necessary for public travel.*"

This act does not apply in this case, for the reason: It relates only to the laying out of township roads, and even though it were construed to relate to the vacation of township roads, it would be necessary for the viewers to find that the portion of the road, to wit, the 262 feet left unvacated to accommodate a private individual, namely, David Ebersole (see depositions of A. G. Andrews), was necessary for public travel, which is not the case, and no such finding has been made by the viewers.

From a careful examination of the petition, report of viewers, the testimony and the law, and after due consideration of the arguments of counsel, we are satisfied that the 1st, 2nd, 5th, 6th, 7th, 8th, 11th and 13th exceptions should be sustained. The 3rd, 4th, 9th, 10th and 12th exceptions are refused.

### Decree.

Now, March 30, 1929, it is hereby ordered and decreed that absolute confirmation of the report of viewers be refused and the petition, report and all other proceedings are quashed for the reasons hereinbefore set forth. Costs to be paid by the petitioners.