## Likar Appeal.

Argued April 24, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, ROSS and ARNOLD, JJ. (DITHRICH, J., absent).

*Louis L. Kaufman,* for appellants.

*George F. Taylor,* with him *Alter, Wright & Barron,* for appellees.

OPINION BY RHODES, J., July 19, 1945:

Appellees are the American Cyanamid and Chemical Corporation, the Pennsylvania Railroad Company, and the Pittsburgh & West Virginia Railroad Company. They filed a petition with the Board of Township Commissioners of South Fayette Township, Allegheny County, to vacate a township road, formerly parts of State Highway Routes Nos. 02034 and 397. The Township of South Fayette is a township of the first class. The Department of Highways of the Commonwealth of Pennsylvania relocated these routes and abandoned to the township a portion of each. These abandoned portions are situate entirely within the township, and are the subject of the petition for vacation. The American Cyanamid and Chemical Corporation is the owner of all the property abutting upon the township road proposed to be vacated, while the Pennsylvania Railroad Company and the Pittsburgh & West Virginia Railroad Company have rights of way over a portion of the same. The petitioners delivered to the township commissioners written releases discharging the township from any and all damage which might accrue to them as a result of the vacation. See First Class Town-

ship Law, Act of June 24, 1931, P. L. 1206, art. 19, § 1907, 53 PS § 19092-1907; art. 20, § 2010, 53 PS § 19092-2010. After due notice, the commissioners, acting as a jury of view, reported that it was necessary to vacate the said township road for the public convenience; they directed its vacation; and an ordinance was enacted in conformity with the findings. Exceptions were filed; and a petition for review was presented to the court of quarter sessions, which averred, inter alia, that the proposed vacation was not for the public convenience, but would result in inconvenience to the public. Upon this petition a jury of review was appointed by the court;[1] and it reported that the road viewed by them had become "useless, inconvenient and burdensome by reason of the fact that it is impassable at certain periods of the year; has insufficient clearance under an overhead railroad crossing; has a bridge condemned for certain load limits; has dangerous railroad grade crossings, and to be placed in proper condition, would require the expenditure of considerable sums of money, and for the further reason that the State Highway Department has provided a good and sufficient alternate route." See *Bristol Township Road*, 49 Pa. Superior Ct. 549. The jury of review found, inter alia, that the public road to be vacated was wholly within the Township of South Fayette, and that a majority in interest of the property owners abutting on said road executed the petition for the vacation thereof; and they recommended that the road be vacated and abandoned as a public road. To this report exceptions were filed which averred in substance the same complaints as the exceptions filed to the report of the commissioners who acted

---

[1] See First Class Township Law, Act of June 24, 1931, P. L. 1206, art. 20, § 2009, 53 PS § 19092-2009; Act of June 13, 1836, P. L. 551, § 18, as amended, 36 PS § 1981; *Herrington's Petition*, 266 Pa. 88, 93, 109 A. 791; *Vacation of South Fayette Township Road*, 50 D. & C. 26.

as a jury of view; and in addition a petition for a jury of re-review was filed. The proponents for the vacation of the road caused to be issued a rule to show cause why the report of the jury of review should not be adopted and a decree of vacation of the road entered. The court overruled all the exceptions, confirmed the report of the jury of view and of the jury of review, ordered the road therein described vacated, and reinstated the ordinance of the township commissioners; the petition for re-review was refused.

This appeal has been taken by exceptants.

On appeal from an order of the court of quarter sessions dismissing the exceptions to report of viewers vacating a public road, we cannot review matters of fact; the writ of certiorari in such a case brings up the record only: *Drumore Township Road,* 49 Pa. Superior Ct. 493; *Road in Manheim Township,* 12 Pa. Superior Ct. 279; *Keller's Private Road,* 154 Pa. 547, 25 A. 814. Our sole concern is whether there is any error or irregularity apparent on the record, or whether the court below exceeded its jurisdiction or erred in its judgment in point of law.

Appellants complain on this appeal: (1) That the petition for vacation was defective in that it did not contain a majority in interest of the owners of properties through whose land such road passes or upon whose land it abuts; (2) that the township commissioners did not have jurisdiction to vacate the road; (3) that the court below erred in refusing to grant the petition for re-review.

This proceeding was instituted under the First Class Township Law, Act of June 24, 1931, P. L. 1206, art. 20, § 2005 et seq., 53 PS § 19092-2005 et seq. Section 2005, 53 PS § 19092-2005, provides as follows: "The board of township commissioners may enact, ordain, survey, lay out, open, widen, straighten, vacate, and relay all roads, streets, lanes and alleys, and parts thereof, which are wholly within the township, upon the petition of a ma-

jority in interest of the owners of property or properties through whose land such road, street, lane or alley passes, or upon whose land it abuts, or without petition of the owners of abutting property if, in the judgment of the board of commissioners, it is necessary for the public convenience."

Appellants do not complain that there has been any failure upon the part of the board of commissioners acting as a jury of view to comply with the other provisions of the act; and the complaint that a majority of property owners, as required by the act, did not sign the petition is entirely without merit. The jury of review found as a fact that a majority in interest of the property owners abutting upon the road proposed to be vacated had executed the petition for vacation. There is nothing in the record to support appellants' allegation to the contrary; the petition was in proper form.

Appellants' second contention is that the township commissioners had no jurisdiction to vacate the road. In support of this position it is argued on behalf of appellants that commissioners of a township of the first class have no jurisdiction to vacate part of a road by township ordinance. The abandoned portions of the State Highway Routes Nos. 02034 and 397 are no longer portions of state highways, but constitute a township road. The jury of review found that such township road lies wholly within the Township of South Fayette, and that a majority in interest of the property owners abutting on said road executed the petition for the vacation thereof. Such questions of fact raised and disposed of in the court below are not properly before us on this appeal. *West Donegal Township Road,* 21 Pa. Superior Ct. 620, 624; *Road in Herrick and Ararat Townships,* 16 Pa. Superior Ct. 579, 587.

Appellants' final contention is that their petition for a jury of re-review was improperly dismissed. The township commissioners which constituted a jury of view and the three members of the Allegheny County Board of

Viewers who were appointed as a jury of review determined and recommended that the road in question should be vacated because it was for the public convenience to do so,[2] and because the road was useless, inconvenient, and burthensome.[3] A jury of re-review will not be appointed under such circumstances unless some particular cause or reason is shown to move the sound legal discretion of the court to make such appointment. *Road in Drumore Township,* 17 Pa. Dist. R. 666. As was said in *Road from Strasburgh in Franklin County to Black's Gap,* 2 Yeates 52, at page 53: "The appointment of re-reviewers may be generally practiced, where the court think they stand in need of further information, respecting the road, but it certainly cannot be a matter of right." See, also, *Franconia Township Road,* 78 Pa. 316, 319. The appointment of a jury of re-review rests within the sound discretion of the court. *Overfield Township Road,* 25 Pa. Superior Ct. 5. We find no abuse of discretion upon the part of the court below in refusing to grant a re-review in this case.

We think the court below has clearly stated the reason for appellants' continued litigation and vigorous prosecution of this matter when it said: "It is apparent that the crux of the complaint is inconvenience in travel." Another road has been made available; still some may be slightly inconvenienced. Probably any change, however slight, of an existing highway, or of any other established order of things, causes some practical inconvenience to those who have adapted themselves to the previous condition. But mere inconvenience to some of the traveling public is not sufficient to prevent a vacation. It has been determined in the present case that other valid factors outweigh such inconvenience, which is an incidental result of a lawful act

---

[2] Act of June 24, 1931, P. L. 1206, art. 20, § 2005, 53 PS §19092-2005.

[3] Act of June 13, 1836, P. L. 551, § 18, as amended, 36 PS § 1981.

for which there is no legal redress. But with the merits of the case we have nothing to do, although appellants' argument seems to suggest that we are obliged to accept the factual concepts which have been so forcefully presented on their behalf. *Schuylkill River Road*, 19 Pa. Superior Ct. 376, 377.

Assignments of error are overruled.

The order of the court below is affirmed, at the cost of appellants.