Middlecreek Township Road Case.

Argued April 13, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Archibald M. Matthews,* for appellant.

*Thomas F. Lansberry,* for appellee.

OPINION BY ARNOLD, J., July 23, 1948:

This is an appeal of Middlecreek Township from an order of the quarter sessions dismissing exceptions to a report of viewers laying out a public road.

The public road laid out was 2612 feet in length and began on a public highway, ending at the residence of a citizen. It had been a private road, and served three farms and the residents thereof as well as the traveling public. The viewers found and reported that the public interest outweighed the cost of public maintenance, which in this particular case was very slight, since the road had a firm bed, was stoned, and only needed to have the drainage ditches kept open. Initially a low-cost cut and fill of 100 feet would have to be made but could easily be accomplished by the presently used road machinery of the township.

Our review is on certiorari: *West Donegal Township Road,* 21 Pa. Superior Ct. 620; *Likar Appeal,* 157 Pa. Superior Ct. 572, 43 A. 2d 388. Any alleged partiality of the viewers is for the court below: *Road in Chartiers Township,* 34 Pa. 413; and we do not review the merits, which is exclusively for the viewers and the court below: *Likar Appeal,* supra; *Loretto Road,* 29 Pa. 350.

The Act of June 20, 1919, as amended, 36 PS 1921,[1]

---

[1] "When any petition is presented to any court of quarter sessions . . . praying for the appointment of viewers . . ., to view and lay out a public road in any township . . ., such petition, and the report of the viewers thereon, shall not be held invalid for the reason that *one* of the termini named in the petition or in the report is at a point other than in a public highway or place of public resort, where it appears in such petition or report that the other terminus is in a public road and that the road is one necessary for public travel . . .: Provided, however, That in case one of the termini named in the report is at a point other than in a public highway . . . the finding of the viewers that the road is necessary for public

expressly states that a public road may now be laid out where but one terminus is on a public road; and appellant's contention to the contrary must therefore fail.

Appellant complains also that the viewers refused it a hearing and a further or adjourned hearing. The viewers' report [2] showed a complete hearing at the view, where all the citizens were heard at length, including the supervisors of the appellant; and that announcement was made that a further hearing would be had if desired, and no request therefor was made.

The exceptions were sworn to and, inter alia, alleged the refusal to grant any hearing. No depositions were taken and no evidence was offered. The exceptions were not self-sustaining, and raised questions of fact not appearing on the face of the record. It must be assumed that this question of veracity was correctly determined by the court below: *Rostraver Township Road*, 21 Pa. Superior Ct. 195; *Quemahoning Township Road*, 27 Pa. Superior Ct. 150. We take for granted "that every objection made to a road report and overruled by the Quarter Sessions, and which is in its nature capable of being proved, is untrue in point of fact, unless the contrary *appears from the record, or by evidence aliunde* regularly submitted . . . previous to . . . decision. The presumption . . . [on appeal] is that all things are right." (Emphasis supplied): *New Hanover Road*, 18 Pa. 220. See also *Spring Garden Road*, 43 Pa. 144; *Road in Washington Township*, 1 Sadler 177, 1 A. 657.

travel . . . shall be subject to the approval of the court of quarter sessions, which may confirm or set aside said finding."

[2] "That at the time and place of the view a request for a hearing was made and thereupon the viewers heard at length all citizens desiring to be heard, including the supervisors, both pro and con on all matters properly before them for determination; that at the conclusion of that hearing the viewers announced they would grant further hearing if desired, at Somerset or any other suitable location but no requests were made for further hearing, whereupon the viewers considered the view and hearing closed and the same was adjourned."

No damages were asked for or allowed. It should be noted that the exceptions failed to disclose either the names of proposed witnesses, or to what they would testify. The actual complaint of appellant is that the viewers should not have laid out the road because maintenance costs would fall upon the township. This question was exclusively for the viewers and the court below: *Road in Manheim Township,* 12 Pa. Superior Ct. 279.

In this type of case we cannot review the facts, but must confine ourselves to the regularity of the proceedings: *In the Matter of Church Street,* 54 Pa. 353; *Likar Appeal,* 157 Pa. Superior Ct. 572, 43 A. 2d 388.

The order of the court below is affirmed at the cost of the appellant.