## In re Vacation of Road in Middlecreek Township

560

*Thomas F. Lansberry* and *Uhl & Uhl,* for petitioners.
*A. M. Matthews,* for Middlecreek Township Road Supervisors.

BOOSE, P. J., March 9, 1949.—The above-captioned proceedings came before the court upon the petition of citizens and freeholders of Middlecreek Township for a review and exceptions to the report of action of supervisors. The petition for a review and the exceptions will be considered in their inverse order. Preliminary to the consideration of the exceptions and petition for a review, a brief recital of the facts relating to the road, which is the subject of the above-stated vacation proceedings, and the citation of the law applicable thereto, will clarify the questions involved.

On August 4, 1947, upon the petition of sundry inhabitants and freeholders of Middlecreek Township, viewers were appointed by the court to lay out a proposed road in the township, beginning and ending as described in the above proceedings. On September 8, 1947, the report of the viewers, recommending the laying out and opening of said road was presented and confirmed nisi. Exceptions by the Township Supervisors were subsequently filed, argued and dismissed, whereupon an appeal was taken to the Superior Court of Pennsylvania. On August 4, 1948, the remittitur from that court was filed and order made affirming the order of the court below (Middlecreek Township Road Case, 162 Pa. Superior Ct. 619). Subsequently, on October 4, 1948, the township supervisors of that township decided to consider the vacation of said road, under authority of the Act of July 10, 1947, P. L. 1481, and gave notice by registered mail to the property owners affected thereby of the time and place where all parties interested may meet and be heard; and in pursuance thereof, held such meeting on September 21, 1948, when they were attended by the property owners and a large number of residents and freeholders, and counsel for the parties in interest. Testimony was heard and taken in a narrative form. Following said meeting and hearing, the supervisors

unanimously decided that the road should be vacated because "the same is unnecessary for public convenience . . . and its vacation is necessary for public convenience by way of reduced township expenses and taxes"; and on October 6, 1948, filed in the office of the clerk of courts a written report, together with a draft of the vacated road.

The aforesaid action by the Township Supervisors of Middlecreek Township, a second class township of Somerset County, was taken under the authority of the Act of July 10, 1947, P. L. 1481, 53 PS §19093-101, entitled:

"An Act to re-enact, amend and revise the Act, approved the first day of May, one thousand nine hundred and thirty-three (Pamphlet Laws 103), as amended, entitled 'An Act concerning townships of the second class; and amending, revising, consolidating, and changing the law relating thereto;' " and authorized to be cited as "The Second Class Township Code".

Section 1101 provides as follows:

"Power to Lay Out, Open, Widen, Vacate, Et Cetera.—The township supervisors may enact, ordain, survey, lay out, open, widen, straighten, vacate and relay all roads and parts thereof which are wholly within the township, upon the petition of a majority in interest of the owners of property or properties through whose land such road passes, or upon whose land it abuts, or without petition of the owners of abutting property, if in the judgment of the supervisors, it is necessary for the public convenience. Such power shall include authority to vacate, in whole or in part, roads laid out by the Commonwealth, where the same have remained unopened for a period of thirty years, and also the authority to lay out and open a public road which will be a continuation or extension of a street already opened by an adjacent city or borough.

"No such road shall be laid out and opened through any burial ground or cemetery, nor through any grounds occupied by a building used as a place for public worship, or as a public or parochial school, or educational or charitable institution, or seminary, unless the consent of the owner or corporation or person controlling the premises is first secured."

This section is patterned after section 2005 of The First Class Township Law of June 24, 1931, P. L. 1206, and should have the same construction.

Section 1102 provides for a hearing, report, exceptions thereto, view and notice as follows:

"(a) The supervisors shall give ten days' notice to the property owners affected thereby of the time and place when and where all parties interested may meet and be heard. Witnesses may be summoned and examined by the supervisors and by the parties interested at such meeting or any adjournment thereof.

"(b) After such hearing and a consideration of the matter, should the supervisors, or a majority thereof, decide in favor of exercising the power, so conferred, they shall make written report, together with a draft or survey of the road, fixing the width thereof, and noting the improvements along the line thereof, and the names of the owners of property through which the same shall pass, or whereon it shall abut. Such report and draft shall be filed in the office of the clerk of the court of quarter sessions.

"(c) Any citizen or freeholder of the township may, within thirty days after the filing of the report of the supervisors, upon entering in the court sufficient surety to indemnify them for all costs incurred in the proceedings, file exceptions to the report together with a petition for a review.

"(d) Upon favorable action on such matter by the supervisors, and after the expiration of the term allowed for filing exceptions, or upon the order of the

court upon the disposition of any exceptions, if in either case the compensation for the damages or benefits accruing therefrom have not been agreed upon, the court of common pleas, or any law judge thereof in vacation, on application by petition by the supervisors, or any person interested, shall appoint three viewers from the county board of viewers to assess the damages and benefits occasioned by the proceeding, in the manner provided by this act for such proceedings.

"(e) After the passage or approval of any ordinance by the supervisors for the opening, widening, straightening, extending or vacating any road, notice shall, within ten days thereafter, be given by handbills, posted in conspicuous places along the line of the proposed improvement. Such notice shall state the fact of the passage or approval of the ordinance and the date of the passage or approval."

With the foregoing statement of the relevant facts and citation of the pertinent sections of The Second Class Township Code, we shall now proceed to the consideration of petitioners' exceptions.

1. The first exception alleges that the Board of Supervisors of Middlecreek Township is without jurisdiction to vacate the road for the following reasons:

"(a) In this case the supervisors of Middlecreek Township, in the vacation of said road, have acted wholly upon their own initiative, as they did not have before them for action thereon a petition for its vacation of a majority in interest of the owners of property or properties whose land such road passes or upon whose land it abuts; and without such petition, the said board of supervisors had no jurisdiction for the action taken and their proceedings for its vacation were irregular and unlawful.

"(b) The power and jurisdiction of the supervisors of second class townships to vacate any road under and by virtue of the above-recited act of assembly is limited

and confined to the roads '. . . laid out by the Commonwealth, where the same have remained unopened for a period of thirty years . . .'

" (c) The sections of the act of assembly above recited and under which the board of supervisors allegedly vacated the said road, to wit, sections 15 and 16, are unconstitutional and void under the constitution of the Commonwealth of Pennsylvania for the reason that notice of the changes in the long settled and established law of this Commonwealth relating to the vacation of public roads was not given in the title to the acts in and to which said sections were incorporated and enacted and which sections enacted fundamental changes in the laws of the Commonwealth relating to roads."

This exception cannot be sustained. In compliance with the requirements of the Act of March 16, 1923, P. L. 11, the provisions stricken out or eliminated from the former law (The Second Class Township Law of May 1, 1933, P. L. 103) by the adoption of the amendments made by The Second Class Township Law are enclosed by brackets, and the new provisions inserted into or added to the code are printed in italics. By reading the portion of the above-quoted section 1101 enclosed by brackets, it will be observed that the jurisdiction of the court of quarter sessions to lay out, widen, change or vacate roads wholly within townships of the second class has been eliminated; and the new provision inserted into or added thereto (printed in italics) has conferred this power and authority upon the township supervisors. To this extent the jurisdiction of the court of quarter sessions, under the General Road Act of June 13, 1836, P. L. 551, as amended, has been superseded, and the power and authority to vacate roads wholly within the township has been conferred upon the township supervisors: Commonwealth v. Sager, 12 Del. Co. 368, affirmed by the Supreme Court in St.

David's Church v. Sayen, 244 Pa. 300; Vacation of South Fayette Township Road, 50 D. & C. 26.

Under the above-quoted section of the Township Code, the township supervisors may vacate all roads and parts thereof which are wholly within the township: (1) Upon the petition of a majority in interest of the owners of the property or properties through whose land such road passes, or upon whose land it abuts, or (2) without petition of the owners of abutting property, if in the judgment of the supervisors, it is necessary for the public convenience. In the instant proceedings, the supervisors acted without a petition, but this does not defeat their jurisdiction, if in their judgment the vacation of this road was necessary for the public convenience. Their power to vacate roads or parts thereof wholly within the township is not confined or limited to roads laid out by the Commonwealth, where they have remained unopened for a period of 30 years, as contended by exceptants. Their power to vacate all roads or parts thereof wholly within the township includes the authority to vacate roads laid out by the Commonwealth and unopened for 30 years.

Under subparagraph (c) of this exception, it is alleged that sections 15 and 16 of the Township Code are unconstitutional and void for the reason that the title of the act gives no notice of an intention to repeal the General Road Law of June 13, 1836. This allegation is without merit. The Township Code of 1947 has not attempted to repeal the General Road Law of 1836, but has merely superseded this law to the extent hereinbefore stated. The first exception must be dismissed.

2. The second exception alleges that the Board of Supervisors of Millcreek Township erred in finding facts as set forth in their report and upon whose facts the action purportedly vacating the road was founded as follows;

" '(a) . . . that the grade of the same is difficult and illegal and would necessitate a large amount of work by way of grading and ditches; that the situation is such that it would be practically impossible to keep free of snow in the winter and that the maintenance of the same would be very burdensome to the taxpayers of Middlecreek Township.'

"(b) 'Following said hearing the board of township road supervisors unanimously decided that said road should be vacated as the same is unnecessary for public convenience, serving only the private interest of the three abutting owners and its vacation is necessary for public convenience by way of reduced township expenses and taxes.' "

This exception is not entirely devoid of any merit. The reasons set forth in the report of the township supervisors for their action in vacating the road in question are not clear and the words employed are of doubtful meaning. Their reasons are set forth in the subparagraphs (*a*) and (*b*) of this exception. They find and state that the vacation of the road "is unnecessary for public convenience . . . and its vacation is necessary for public convenience by way of reduced township expenses and taxes". The act provides that the supervisors may exercise the power of vacating roads wholly in the township if, in their judgment, it is necessary for public convenience. It is difficult to understand how the vacation of a road is necessary for the public convenience "by way of reduced township expenses and taxes". The township supervisors, in exercising the powers thus conferred, stand in the place or position of a board of viewers under the General Road Law. They should have found as a fact, and set it forth in their report as the reason for vacating the road in question, that the road was "useless, inconvenient or burdensome", or unequivocally in the language of the act that "it is necessary for public convenience" so to

vacate: In re Vacation of Spur of Spring Mill Road, 22 Lehigh 185. The finding and statement of such fact is a jurisdiction prerequisite to the authority of the supervisors to vacate the road in controversy. However, for the reasons hereinafter stated, it will be necessary to recommit the report to the supervisors; this exception will not be sustained, as it may be overcome by the filing of an amended report.

3. The third exception alleges that the report of the action of the supervisors is defective, illegal and void for the following reasons:

"(a) That only portions of the alleged notes of testimony are appended to the report, the full context of the testimony of the parties attending the hearing not being incorporated in the report or made available to petitioners.

"(b) That although alleged, the original signatures of the parties allegedly in favor of the vacating of the road are not attached to and made part of the report."

This exception cannot be sustained. There is nothing in the act which requires that the testimony heard before the township supervisors be transcribed and filed with their report: Vacation of South Fayette Township Road, supra; South Shenango Township Road, 25 Pa. C. C. 587. Neither was it necessary to attach to their report the signatures of citizens attending the meeting of the supervisors favoring the vacation of the road.

4. The last exception alleges that the action of the township supervisors in attempting to vacate the road is highly arbitrary and taken for the purpose of circumventing the lawful processes long established in the matter of vacating public roads, and more particularly the specific action of the board of viewers, the court of quarter sessions and the Superior Court of Pennsylvania.

It is manifest that the purpose of the action by the township supervisors in attempting to vacate the road

was to abrogate and nullify the laying out and opening of the road by the Court of Quarter Sessions of Somerset County, and affirmed by the Superior Court of Pennsylvania. By a singular coincidence, the Act of July 10, 1947, P. L. 1481, authorizes and empowers the township supervisors to undo the action of the courts in the premises. The motive of the supervisors does not defeat their action, if otherwise legal and according to law. However, this court has a revisory control of the action of the township supervisors upon exceptions and may order a review in conformity with now existing road laws of this Commonwealth: In re Herrington's Petition, 266 Pa. 88. This exception will not be further considered.

We now turn our attention to the petition for a review. It alleges, in substance, that petitioners are residents and freeholders of the township; that by proceedings had in the court of quarter sessions, entered to September sessions, 1947, no. 5, subsequently affirmed by the Superior Court, a certain road (being the road which is the subject of the vacation proceedings) was laid out and established; that notwithstanding said proceedings, the Township Supervisors of Middlecreek Township gave notice of their intention to vacate said public road under the authority of the Act of July 10, 1947, and fixed September 21, 1948, as the time for a hearing of the matter set forth in the notice; that thereafter on October 4, 1948, the supervisors decided and determined to vacate the public road, and subsequently, on October 6, 1948, caused to be filed in the office of the clerk of courts a report of their action; that petitioners are advised and informed and, therefore, aver that the actions and proceedings, by the township supervisors in attempting to vacate the public road are illegal and void, and that petitioners desire that the proceeding and actions of the township supervisors be reviewed.

The allegations of the petition require a careful examination of the actions of the township supervisors to determine whether they are legal and in compliance with the requirements of the pertinent sections of The Second Class Townsip Code. Their actions, as reflected by their "Report of Action of Road Supervisors", filed in the office of the clerk of courts, are defective, illegal and not in compliance with the code in several respects: Section 1101, above quoted, provides that the supervisors may "enact or ordain", inter alia, the vacation of all roads and parts thereof which are wholly within the township. The law requires that such action by the supervisors shall be taken by ordinance or resolution, and that they shall make and file a written report thereof. The report filed by the supervisors sets forth that, "by Motion made and adopted, the 4th day of October, 1948, determined to consider the vacation of that certain road (describing it from beginning to ending) . . . and gave notice . . . that they would sit for the purpose of considering the vacation of the road on the 21st day of September, 1948". This report is inconsistent and contradictory as to dates. It further sets forth that "Following said hearing the Board of Township Road Supervisors unanimously decided that said road should be vacated as the same is unnecessary for public convenience, serving only the private interests of three abutting owners and its vacation is necessary for public convenience by way of reduced township expenses and taxes". Here again the report is inconsistent and contradictory. The supervisors decided that the road should be vacated as the same is "unnecessary for public convenience" for the reason stated, and that "its vacation is necessary for public convenience" for other stated reasons. Before the supervisors could legally exercise the power conferred upon them to vacate said road, it was necessary to make an unequivocal finding that such vacation "is necessary for the public conven-

ience", and if they then decide to vacate the road, their action must be taken by ordinance or resolution, and not by "motion made and adopted". The ordinance or resolution, if adopted, should be spread upon the minutes of the meeting of the township supervisors, and a copy thereof should have been annexed to the report filed in the office of the clerk of the courts for supervision of the court upon exceptions thereto, or a petition for a review. For the foregoing reasons, the report of the supervisors must be recommitted to them for correction and amendment. Under section 1102 ($c$) of the Township Code, the right is expressly given to file exceptions and petition for review. The purpose of the act in providing for reviews is that the court may be fully informed as to the necessity of vacating the road before final action upon the report: Vacation of South Fayette Township Road, supra.

### Order

Now, March 9, 1949, the exceptions to the report of the township supervisors are dismissed, without prejudice, and the petition for a review of the proceedings for the vacation of the road by the township supervisors is sustained.